Phillip NICHOLS, Appellant,

v.

SEDALCO CONSTRUCTION SERVICES, an Assumed Name for an Unknown Person or Entity, Appellee.

No. 10–06–00271–CV.

Court of Appeals of Texas,
Waco.

May 23, 2007.

Joe Alfred Izen, Jr., Bellaire, for appellant.

Greg White, Naman, Howell Smith & Lee LLP, Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

TOM GRAY, Chief Justice.

The trial court dismissed Nichols's suit against Sedalco without prejudice. Nichols appeals. We affirm.

In Nichols's second issue, he contends that the trial court erred in granting Sedalco's motion to dismiss for want of prosecution. "Any case not disposed of within time standards promulgated by the Supreme Court under its administrative rules may be" dismissed. TEX.R. CIV. P. 165a(2); *see Alexander v. Lynda's Boutique,* 134 S.W.3d 845, 850 (Tex.2004); *Dueitt v. Arrowhead Lakes Prop. Owners, Inc.,* 180 S.W.3d 733, 737 (Tex.App.-Waco 2005, pet. denied). Under those Texas Rules of Judicial Administration, district-court judges "should, so far as reasonably possible, ensure that all" non-family law civil "cases are brought to trial or final disposition," for nonjury cases, "[w]ithin 12 months from appearance date." TEX.R. JUD. ADMIN. 6, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F app. (Vernon 2005); *id.* (b)(2); *see Polk v. Southwest Crossing Homeowners Ass'n,* 165 S.W.3d 89, 96 (Tex.App.-Houston [14th Dist.] 2005, pet. denied).

■ "At the dismissal hearing, the court shall dismiss for want of prosecution unless there is good cause for the case to be maintained on the docket." TEX.R. CIV. P. 165a(1). "We review a dismissal for want of prosecution under a clear abuse of discretion standard...." *MacGregor v. Rich,* 941 S.W.2d 74, 75 (Tex.1997) (per curiam). "The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles." *Cooper Tire & Rubber Co. v. Mendez,* 204 S.W.3d 797, 800 (Tex.2006) (quoting *E.I. du Pont de Nemours & Co. v. Robinson,* 923 S.W.2d 549, 558 (Tex.1995)). "[T]he central issue is whether the plaintiffs exercised reasonable diligence." *MacGregor* at 75. "In determining ... whether a party has demonstrated a lack of diligence in prosecuting a claim, a trial court may consider the entire history of the case; including the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay." *Dueitt,* 180 S.W.3d at 739. "No single factor is dispositive...." *Id.*

■ If the appellants "did not request findings of fact or conclusions of law, and the trial court did not specify the standard of dismissal used," then "we must affirm on the basis of any legal theory supported by the record." *See Dueitt,* 180 S.W.3d at 737. Where a dismissal "order does not

state the specific ground on which it was granted," the appellant "must show that each independent ground alleged in the motion to dismiss is insufficient to support the order." *Harrison v. Tex. Dep't of Crim. Justice,* 164 S.W.3d 871, 875 (Tex. App.-Corpus Christi 2005, no pet.); *accord Morris v. Collins,* 916 S.W.2d 527, 530 (Tex.App.-Houston [1st Dist.] 1995, no writ).

The trial court's order did not state its grounds, and the trial court did not make findings of fact and conclusions of law.

■ Nichols argues as though Sedalco's motion complained solely of Nichols's counsel's failure to appear at a single deposition. Sedalco's motion to dismiss alleged, first, and Sedalco argues on appeal, that Nichols's case had not been disposed of within the time limits of the Rules of Judicial Administration. Sedalco filed its answer in May 2004. No jury was requested. The trial court signed its dismissal order in May 2006. Nichols's case had thus been pending for twice the time allowed by the Rules. Nichols concedes that he did not respond to Sedalco's initial discovery requests, served in December 2004, until May 2005. As to excuse for the delay, Nichols points to two matters. First, Nichols seeks to excuse two weeks of that period, after Sedalco called Nichols's attention to the late responses, by pointing to the presence of Nichols's counsel at a trial. Nichols complains that Sedalco did not notice Nichols for deposition until six months after Nichols's responses, and Nichols argues that the "only other delay in completing Nichols' deposition" occurred when Nichols's counsel was unavailable to attend the second attempted deposition of Nichols because of another trial. (Br. at 14.)

The record thus shows long periods of inactivity punctuated by brief bursts of activity prompted by Sedalco. Nichols's excuses for two, brief periods do not explain the remaining long periods of inactivity. The trial court did not clearly abuse its discretion in dismissing Nichols's suit for want of prosecution. We overrule Nichols's second issue.

Nichols's third and fourth issues concern the overruling of Nichols's motion for new trial by operation of law. Nichols's motion does not attack the ground of Sedalco's motion to dismiss on which we have overruled Nichols's second issue above. We overrule Nichols's third and fourth issues.

In Nichols's first issue, he contends that the trial court erred in overruling Nichols's motion for protection from discovery. Because of our dispositions of Nichols's other issues, we do not reach his first issue.

Having overruled Nichols's second, third, and fourth issues, we affirm.