Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-09-00408-CV

Raul **ARIZPE**, Individually, and Alvera D. Arizpe,
Individually and as Guardian of Linda Diane Arizpe,
Appellants

v.

George **WILCOX**, M.D., Carrie Cooper, M.D., and Vijay Kodali, M.D.,
Appellees

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2006 CI 08843
Honorable Janet Littlejohn, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:       Catherine Stone, Chief Justice
               Phylis J. Speedlin, Justice
               Marialyn Barnard, Justice

Delivered and Filed: April 28, 2010

REVERSED AND REMANDED

Raul Arizpe, individually, and Alvera D. Arizpe, individually and as Guardian of Linda

Diane Arizpe, appeal the trial court's order granting the motions to dismiss filed by George Wilcox,

M.D., Carrie Cooper, M.D., and Vijay Kodali, M.D.  The Arizpes contend the trial court erred in

dismissing their health care liability claims because they timely served their expert report within 120

days after they filed their amended original petition adding Wilcox, Cooper, and Kodali as defendants. We reverse the trial court's order and remand the cause for further proceedings.

BACKGROUND

This is the second appeal regarding an expert report involving the Arizpes, Wilcox, and Cooper. *See Cooper v. Arizpe*, No. 04-07-00734-CV, 2008 WL 940490 (Tex. App.—San Antonio Apr. 9, 2008, pet. denied) (*Arizpe I*). The factual and prior procedural background is detailed in *Arizpe I*. *See id*. at *1. In *Arizpe I*, this court held the expert report with regard to Wilcox and Cooper was deficient because "the entire standard of care and breach thereof [was] contingent on the ED [emergency department] chart and Dr. Skeete's progress notes being included in the floor chart and available for review by Cooper and Wilcox." *Id*. at *4. The expert report stated that the ED chart and Dr. Skeete's notes "should have been" with the floor chart. *Id*. at *3. We held the report was deficient because the assumption that the ED chart and Dr. Skeete's notes were with the floor chart made the expert's opinion, based on this assumption, speculative. *Id*. at *4. Because the trial court could grant an extension of time to cure the deficiency, however, we remanded the cause to the trial court for further proceedings. *Id*. at *5.

On remand, the Arizpes filed an amended motion for extension of time to cure their expert report. The motion noted the procedural history of the case, including a quotation from *Arizpe I* regarding the deficiency this court held to exist. The motion requested an extension to cure the deficiency our court held to exist in *Arizpe I* and noted that the Arizpes had already served the defendants with an addendum report.

Wilcox, Cooper, and Kodali each filed a second motion to dismiss. In her motion, Cooper asserted the Arizpes did not timely serve their expert report. Although Cooper conceded that the

expert report was served within 120 days after the amended petition was filed adding Cooper as a defendant, Cooper argued the expert report was required to be served within 120 days after the original petition was filed. In addition to requesting the trial court to grant her motion to dismiss, Cooper also asserted that the trial court should deny the extension to cure the deficiency because Cooper should have been named in the original petition, and the Arizpes' lack of diligence in naming her in the original petition should not be rewarded by granting a discretionary extension. In his motion, Wilcox asserted the same basis for dismissing the lawsuit, i.e., the report was untimely, and also asserted the same opposition to the trial court granting the extension. In his motion, Kodali only sought a dismissal based on the report being untimely filed.

Almost one month after filing her second motion to dismiss, Cooper filed a supplement to her second motion to dismiss. The supplement does not assert any additional grounds for a dismissal, but simply states, "Pursuant to Texas Rules of Civil Procedure 193.7, Defendant Dr. Cooper gives notice to all parties that the documents produced by any party to this case in response to written discovery in this case will be used in any pretrial proceedings or at the trial of this case." The supplement further states, "Defendant Dr. Cooper specifically supplements her Second Motion to Dismiss pending on the Court's docket with the following:

1. Report of Joseph Varon, M.D. dated June 28, 2007;
2. Report of Joseph Varon, M.D. dated August 31, 2008;
3. Excerpted deposition testimony of Joseph Varon, M.D. dated October 10, 2008;
4. Correspondence between Plaintiffs' counsel and Joseph Varon, M.D.;
5. *Cooper v*[.] *Arizpe*, 2008 WL 940490 (Tex. App.—San Antonio 2008); and
6. *Methodist Charlton Medical Center v*[.] *Steele*, 2[74] S.W.3d 47 (Tex. App.—Dallas 2008)."

In their response to the motions to dismiss, the Arizpes asserted that the expert report was timely served within 120 days after the amended petition was filed. The Arizpes further responded

that they amended their petition to add the claims against Cooper and Wilcox within the applicable statute of limitations period and nothing required them to name Cooper and Wilcox in the original petition. The trial court signed an order as follows:

**ORDER**

On this date the Motions listed below were heard by the Court. After considering the Motions, the Responses, and the arguments of counsel, the Court enters the following orders concerning the Motions:

1. ~~Plaintiffs' Amended Motion for Extension of Time to Cure Expert Report:~~ ~~GRANTED~~

2. Defendant Carrie Cooper's Second Motion to Dismiss: ~~DENIED~~ *GRANTED*

3. Defendant George Wilcox's Objections and Second Motion to Dismiss: ~~DENIED~~ *GRANTED*

4. Defendant Vijay Kodali's Second Motion to Dismiss: ~~DENIED~~ *GRANTED*

SIGNED this 20th day of April, 2009.

_____
JUDGE PRESIDING

**INTERPRETATION OF TRIAL COURT'S ORDER**

Before addressing the merits of the issues raised on appeal, we must first examine the trial court's ruling. Cooper argues that the order does not state the reasons for the dismissal; therefore, in the absence of findings of fact and conclusions of law, Cooper posits that we must affirm "unless this Court can imagine no legal theory on which the order can be supported by the implied record in this case." Cooper argues that the burden on the Arizpes is "to disprove every legal theory that

a reasonable jurist could have applied to support the trial court's order." We disagree for several reasons.

First, we construe the trial court's order as granting the motions to dismiss without ruling on the Arizpes' motion for extension of time. If the trial court had intended to deny the Arizpes' motion, the trial court would simply have stricken through the typewritten "GRANTED" in item 1 and inserted the word "DENIED" as it did for each of the other rulings. Instead, the trial court struck through the entire typewritten ruling and made no indication as to whether it would have granted or denied the motion. Because the granting of the motions to dismiss disposed of the case, the trial court rightly determined that a ruling on the motion for extension of time was not necessary.

We also disagree with Cooper's assertion that the Arizpes' burden would be to disprove every legal theory that could potentially support the trial court's order. In this context, the scope of appellate review from a trial court's order that grants a motion to dismiss without stating the specific ground on which the order was granted is limited to the arguments raised in the motion to dismiss. *See, e.g., Guillaume v. City of Greenville*, 247 S.W.3d 457, 465 (Tex. App.—Dallas 2008, no pet.); *Nichols v. Sedalco Constr. Servs.*, 228 S.W.3d 341, 342-43 (Tex. App.—Waco 2007, pet. denied); *Williams v. Nealon*, 199 S.W.3d 462, 464-65 (Tex. App.—Houston [1st Dist.] 2006, pet. filed); *McCauley v. Drum Serv. Co.*, 772 S.W.2d 135, 136-37 (Tex. App.—Houston [14th Dist.] 1989, writ denied); *Country Cupboard, Inc. v. Texstar Corp.*, 570 S.W.2d 70, 75 (Tex. Civ. App.—Dallas 1978, writ ref'd n.r.e.); *but see Hamilton v. Williams*, 298 S.W.3d 334, 340 (Tex. App.—Fort Worth 2009, no pet.) (addressing ground not raised in motion to dismiss in inmate litigation).

Finally, we construe the trial court's order in this case as implicitly stating the specific ground on which the trial court's ruling was based. The trial court granted all three motions to dismiss. The

only ground asserted in Kodali's motion was that the expert report was required to be served not later than the 120th day after the original petition was filed. In granting Kodali's motion, the trial court necessarily agreed with this assertion, which thereby served as the basis for its ruling.

### TIMELINESS OF REPORT

This court has previously addressed whether an expert report is timely if served within 120 days of the filing of an amended petition adding a new defendant. *See Osonma v. Smith*, No. 04-08-00841-CV, 2009 WL 1900404, at *1-2 (Tex. App.—San Antonio July 1, 2009, pet. denied) (mem. op.). This court held that if a petition is amended to add new defendants, the expert report is timely served if the report addressing the new defendants is served within 120 days of the filing of the amended petition. *Id.* Because the Arizpes served their expert report addressing Cooper, Wilcox, and Kodali within 120 days of the filing of their amended petition adding them as defendants, the trial court erred in granting the motions to dismiss.[1] *Id.* We do note the trial court signed its order on April 20, 2009; therefore, the trial court did not have the benefit of our decision in *Osonma* when it made its ruling.

### CONCLUSION

The trial court erred in granting the motions to dismiss. Accordingly, the trial court's order is reversed. Because the trial court did not expressly rule on the Arizpes' motion for extension of time and because the trial court could grant an extension of time to cure the report's deficiency we

---

[1] With regard to the argument that the Arizpes were required to name Cooper and Wilcox in their original petition, we note that this court's holding in *Osonma,* recognizing the timeliness of a report served on a defendant added in an amended petition, appears contrary to this argument. We also note that requiring a plaintiff to name all health care providers involved in his or her treatment in an original petition in order to avoid dismissal could run afoul of the ethical obligation that Texas Rule of Civil Procedure 13 is designed to promote. A party and his or her attorney may not believe they have a good faith health care liability claim until an expert reviews the medical records and opines that the health care provider breached the applicable standard of care resulting in injuries to the plaintiff.

held to exist in *Arizpe I*, we remand the cause for further proceedings consistent with this opinion. *See Cooper*, 2008 WL 940490, at *5.

Catherine Stone, Chief Justice