

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00151-CV

ALEXIAS BELL,

Appellant

v.

KURT NICHOLS AND
THOMAS INMAN,

Appellees

From the 278th District Court
Walker County, Texas
Trial Court No. 25241

## MEMORANDUM OPINION

Alexias Bell sued Kurt Nichols and Thomas Inman after she was allegedly injured before a college football game at Sam Houston State University. Bell, who was a Sam Houston student at the time, was working as an inflatable mascot named "Airkat." Inman was driving Bell to a pregame tailgate function on a four-wheeler, with Bell sitting on the front of it. Inman allegedly ran into Nichols, the opposing football team's head coach. Nichols then allegedly punched Bell and caused her to fall off the four-

wheeler. Bell sued Inman for negligence and sued Nichols for negligence, gross negligence, assault and battery, and intentional infliction of emotional distress.

After the parties had engaged in discovery, Inman filed no-evidence and traditional motions for summary judgment. Bell filed a response, and Inman's motions were denied. The case was set for jury trial on October 1, 2012, but on September 24, Bell's attorney filed a motion to withdraw. On September 28, Bell filed a pro se motion for continuance that alleged misconduct by her attorney. The trial court granted both motions at an apparent September 28 hearing.[1] According to the parties, the case was reset to December 28, but no notice or order to that effect appears in the record.[2]

While Bell was pro se, Nichols sent requests for admissions to Bell. Bell timely responded to the requests and objected to four of them. Nichols and Inman then filed a joint motion to deem that requested the trial court to overrule Bell's objections and to deem as admitted the objected-to requests. According to Nichols, the motion to deem was set for hearing on December 28.

On December 27, Bell, after learning that a visiting judge would be conducting the hearing, filed a pro-se objection to the visiting judge. According to Bell's subsequently retained attorney, a court clerk told Bell that she did not have to appear the next day and that she should contact opposing counsel, which Bell's attorney said Bell did after 5:00 p.m. that day by leaving phone messages at their offices. Counsel for

---

[1] Nichols asserts that, at the September 28 hearing, the trial court "ordered" Bell to appear, with or without counsel, on December 28, but no order to that effect is in the clerk's record, nor is there a reporter's record from the September 28 hearing.

[2] It is unclear from the record whether the case was set for trial on December 28 or set for dismissal for want of prosecution on December 28.

Nichols and Inman claimed that Bell did not phone them, and Bell did not fax or otherwise serve her objection on them. According to a subsequent joint motion to dismiss, on the next day, counsel for Nichols and Inman appeared for the December 28 hearing and learned of Bell's objection. According to Nichols's attorney, the visiting judge informed them that he could not proceed on the case because of the objection and told them: "we'll get you reset and come back and have this hearing before the Court." It is undisputed that a hearing did not take place on December 28.

Nichols and Inman then filed a "joint motion to dismiss & for sanctions," requesting dismissal because Bell failed to appear at the December 28 hearing and requesting monetary sanctions for Bell's "failure to abide by a Court Order" and her failure to properly serve opposing counsel, "resulting in a substantial waste of time and expense for Defendants."

The case was eventually noticed for dismissal for want of prosecution on March 26, 2013. The motion to deem and the motion to dismiss and for sanctions were also set for hearing on March 26. In the meantime, Bell retained new counsel, who on March 20 filed a document consisting of a notice of appearance, a motion to retain, a response to the motion to dismiss, and a request for referral to mediation.[3] It also requested that the motion to deem be denied and attached an amended response to the requests for admissions that denied the previously objected-to admissions. At the hearing, the trial

---

[3] On appeal, Nichols and Inman complain that they were not served with this document, but it bears a certificate of service showing service by fax. *See* TEX. R. CIV. P. 21a(e) (certificate of service "shall be prima facie evidence of the fact of service"). This particular complaint was not raised in the trial court, *see* TEX. R. CIV. P. 21b, nor is it, in any event, before us in this appeal. And while the motion to dismiss included an additional motion and request for monetary sanctions for Bell's failure to serve the objection, the trial court did not rule on that request, and it too is not before us in this appeal.

court granted the motion to dismiss and the motion to deem. Bell's motion for new trial was overruled by operation of law, and this appeal followed.[4]

In her first issue, Bell contends that the trial court abused its discretion in granting the motion to dismiss and dismissing her case. We agree. A trial court may dismiss a case for want of prosecution based on a defendant's motion. *See, e.g., Nichols v. Sedalco Constr. Servs.*, 228 S.W.3d 341, 342-43 (Tex. App.—Waco 2007, pet. denied). In such a case, if the dismissal order does not state the specific ground on which it was granted, the appellant must show that each independent ground alleged in the motion to dismiss is insufficient to support the trial court's ruling. *Id.*

In granting the motion to dismiss, the trial court's order did not state a specific ground. The only ground for dismissal in the motion is: "[Nichols and Inman] hereby request that an Order of Dismissal be entered for Plaintiff Alexias Bell's failure to appear for the Dismissal for Want of Prosecution and Motion to Deem hearings that were on the docket December 28, 2012." Again, it is undisputed that the December 28 hearing did not take place because of Bell's objection to the visiting judge; at the March 26 hearing, the trial court even acknowledged that the December 28 hearing was "reset to today."

We conclude that the trial court abused its discretion by granting the motion to dismiss, which was based solely on Bell's failure to appear at a hearing that did not take place. Issue one is sustained.

---

[4] At oral argument, Bell's appellate counsel informed the court that Bell and Inman had reached a settlement.

Bell's second issue asserts that the trial court abused its discretion in granting the motion to deem admissions. The four requests for admissions at issue sought Bell to admit: (1) "that Defendants, Kurt Nichols or Thomas Inman was never the proximate cause of any injury or harm to me;" (2) "that Defendants, Kurt Nichols or Thomas Inman never caused me any harm;" (3) "that Defendants, Kurt Nichols or Thomas Inman acted reasonable and prudently in all manners;" and (4) "that Defendants, Kurt Nichols or Thomas Inman ever caused any intentional infliction of emotional distress or battered me." As noted above, Bell's original pro-se response to the requests for admissions was timely, and in an amended response, Bell denied the four requests.

In the order granting the motion to deem, the trial court overruled Bell's objections and ordered that the four requests were deemed admitted. Because of the nature of the requests that were deemed admitted, we agree with Bell that the trial court's order was tantamount to a merits-preclusive sanction. Discovery sanctions are reviewed for an abuse of discretion. *Cire v. Cummings,* 134 S.W.3d 835, 838 (Tex. 2004). "The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but 'whether the court acted without reference to any guiding rules and principles.'" *Id.* at 838-39 (quoting *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241 (Tex. 1985)).

> Requests for admission are intended to simplify trials. They are useful when "addressing uncontroverted matters or evidentiary ones like the authenticity or admissiblilty of documents." *Wheeler,* 157 S.W.3d at 443. They may be used to elicit "statements of opinion or of fact or of the application of law to fact." TEX. R. CIV. P. 198.1. King's requests here, however, asked essentially that Marino admit to the validity of his claims and concede her defenses—matters King knew to be in dispute. Requests

for admission were never intended for this purpose. *Stelly v. Papania,* 927 S.W.2d 620, 622 (Tex. 1996) (per curiam) (quoting *Sanders v. Harder,* 148 Tex. 593, 227 S.W.2d 206, 208 (1950) (stating that requests for admission were "never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense")).

As we have previously observed, requests for admission should be used as "a tool, not a trapdoor." *U.S. Fid. and Guar. Co. v. Goudeau,* 272 S.W.3d 603, 610 (Tex. 2008). And when admissions are deemed as a discovery sanction to preclude a presentation of the merits, they implicate the same due process concerns as other case-ending discovery sanctions. *Wheeler,* 157 S.W.3d at 443 (citing *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 917-18 (Tex. 1991). Thus, in *Wheeler* we required a showing of "flagrant bad faith or callous disregard for the rules" to substantiate a summary judgment based solely on deemed admissions. *See id.* at 443 (noting that "absent flagrant bad faith or callous disregard for the rules, due process bars merits-preclusive sanctions").

*Marino v. King,* 355 S.W.3d 629, 632-33 (Tex. 2011).

A party may object to a request for admission. *See* TEX. R. CIV. P. 198.2(b). "A party who has requested an admission under Rule 198 may move to determine the sufficiency of the *answer* or *objection.* … Unless the court determines that an *objection* is justified, it shall order that an answer be served. If the court determines that an *answer* does not comply with the requirements of Rule 198, it may order either that the matter is admitted or that an amended answer be served." TEX. R. CIV. P. 215.4(a)(emphases added).

As Bell argues, Rule 215 does not authorize a trial court to deem a matter admitted because of an improper objection; in that situation, the trial court is to "order that an answer be served." Moreover, there is no showing or finding of "flagrant bad faith or callous disregard for the rules" regarding Bell's pro-se objections, which were withdrawn in her amended response. In granting the motion to deem and deeming as

admitted the four merits-preclusive requests for admissions, the trial court abused its discretion. We sustain issue two and vacate the trial court's April 2, 2013 order granting the motion to deem.

Having sustained issue one, we reverse the trial court's dismissal order and remand this case for further proceedings consistent with this opinion.


                           REX D. DAVIS
                           Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Reversed and remanded
Opinion delivered and filed April 24, 2014
[CV06]