Opinion filed November 7, 2024



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00225-CV
_____

**PAUL CARSON, Appellant**

**V.**

**TABITHA WEBSTER, Appellee**

**On Appeal from the 32nd District Court**

**Fisher County, Texas**

**Trial Court Cause No. DC2017-0029**

## M E M O R A N D U M   O P I N I O N

This is an appeal from the denial of a motion to reinstate after the trial court dismissed Appellant's case for want of prosecution. *See* TEX. R. CIV. P. 165a. Paul Carson, Appellant, sued Tabitha Webster, Appellee, for injuries he allegedly sustained in a motor vehicle accident. After Appellant and his trial counsel failed to appear for a pretrial hearing, notice of which was provided to all parties, the trial

court dismissed the case for want of prosecution.  Appellant then filed a motion to reinstate, which was overruled by operation of law.  *See* TEX. R. CIV. P. 165a(3).

In his sole issue on appeal, Appellant argues that the trial court abused its discretion when it denied his motion to reinstate.  We affirm.

## I.  *Factual Background*

On November 30, 2017, Appellant filed his original petition alleging that he was injured in a motor vehicle accident that occurred in Fisher County on November 30, 2015, and that his injuries were caused by Appellee's negligent conduct; Appellant was a passenger in Appellee's vehicle when the accident occurred.  On January 16, 2018, Appellee filed her original answer.

After a prolonged period of inactivity, on September 8, 2022, the trial court sent notice to the parties that a dismissal hearing was set for December 14, 2022.  Appellant then filed his request for a jury trial on October 21, 2022.  On December 5, 2022, the trial court sent its first notice of jury trial setting, notifying the parties of the following settings: (1) a pretrial hearing on March 8, 2023, and (2) jury trial on March 28, 2023.  On March 6, 2023, Appellant filed an agreed motion for continuance, which the trial court granted that same day.  On March 27, 2023, the trial court sent its second notice of jury trial setting which informed the parties of the rescheduled dates for the pretrial hearing and jury trial setting—July 5, 2023, for the pretrial hearing, and August 8, 2023, for jury trial.

The trial court's December 5, 2022, and March 27, 2023, notices included the following language:

> Failure to appear without excuse may result in dismissal of this case for want of prosecution, sanctions, or other orders as the Court deems appropriate.

On July 6, 2023, the trial court signed its order dismissing this case for want of prosecution, noting that "neither counsel nor [the] parties appeared" at the July 5

2

pretrial hearing. On August 7, 2023, Appellant filed a motion to reinstate in which he alleged that "Counsel did have notice of the [July 5] setting having opened the e-mail, but [counsel] was distracted by another matter and forgot to calendar it." Appellant's motion was accompanied by an unsworn declaration from his trial counsel. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001 (West 2019). Appellant's motion to reinstate was overruled by operation of law, *see* TEX. R. CIV. P. 165a(3), and this appeal followed.

## II. *Standard of Review*

At the outset we note that trial courts are generally granted considerable discretion in managing their dockets. *In re Conner*, 458 S.W.3d 532, 534 (Tex. 2015).

We review a trial court's denial of a motion to reinstate a lawsuit that has been dismissed for want of prosecution under an abuse of discretion standard. *Smith v. Babcock & Wilcox Const. Co.*, 913 S.W.2d 467, 468 (Tex. 1995); *see Quita, Inc. v. Haney*, 810 S.W.2d 469, 470 (Tex. App.—Eastland 1991, no writ). A trial court abuses its discretion when it acts arbitrarily or without reference to guiding rules and principles. *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex. 1986). While we review a trial court's ruling on a motion to reinstate under an abuse of discretion standard, "the scope of our review depends on whether the [trial court's] dismissal order specifies the basis for dismissal." *Rampart Cap. Corp. v. Maguire*, 974 S.W.2d 195, 197 (Tex. App.—San Antonio 1998, no pet.). Therefore, when the trial court's order is silent as to the grounds for dismissal, as in this case, "the plaintiff seeking reinstatement must negate all possible grounds for dismissal." *Id.* (citing *Shook v. Gilmore & Tatge Mfg. Co.*, 951 S.W.2d 294, 296 (Tex. App.—Waco 1997, pet. denied)); s*ee also Keough v. Cyrus USA, Inc.*, 204 S.W.3d 1, 3–4 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) ("The movant for reinstatement bears the

burden to produce evidence supporting the motion." (citing *Calaway v. Gardner*, 525 S.W.2d 262, 264 (Tex. App.—Houston [14th Dist.] 1975, no writ))).

### III. *Analysis*

In his sole issue, Appellant argues that the trial court abused its discretion when it denied his motion to reinstate because his motion includes facts that show his and his trial counsel's failure to appear at the pretrial hearing was not intentional or the result of conscious indifference. In response, Appellee argues that the trial court did not abuse its discretion in denying Appellant's motion to reinstate because (1) Appellant's motion did not aver facts which would negate his intent and conscious indifference for failing to appear at the pretrial hearing, and (2) Appellant failed to challenge all independent grounds upon which the trial court could have based its decision to deny Appellant's motion.

The trial court's authority to dismiss a pending case for want of prosecution generally stems from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure, and (2) the court's inherent power. *Conner*, 458 S.W.3d at 534 (quoting *Callahan v. Staples*, 161 S.W.2d 489, 491 (Tex. 1942)); *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999) (explaining both the statutory and common law sources of a trial court's dismissal authority). The plaintiff's failure to prosecute a case with reasonable diligence will justify dismissal either under Rule 165a or the trial court's inherent authority. *Conner*, 458 S.W.3d at 534. Moreover, Rule 6.1(a) of the Texas Rules of Judicial Administration provides the recommended deadlines for the disposition of cases that are pending in the trial courts: twelve months for a nonfamily law, nonjury civil case, and eighteen months for such cases in which a jury demand has been filed. TEX. R. JUD. ADMIN. 6.1(a), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F app. (West Supp. 2024).

As such, the trial court has three independent grounds upon which to dismiss a case for want of prosecution: (1) the failure to appear for any hearing or trial of

which the party had notice under Rule 165a(1); (2) the failure to comply with the time disposition standards promulgated by the Texas Supreme Court under Rule 165a(2) and/or Rule 6.1 of the Rules of Judicial Administration; and (3) the trial court's inherent authority when a plaintiff fails to prosecute his case with due diligence. *See Villarreal*, 994 S.W.2d at 630 (citing *Rizk v. Mayad*, 603 S.W.2d 773, 776 (Tex. 1980)); *Cummings v. Billman*, 634 S.W.3d 163, 168 (Tex. App.—Fort Worth 2021, no pet.); *Mansaray v. Phillips*, 626 S.W.3d 402, 405 (Tex. App.—Dallas 2021, no pet.).

To determine the possible grounds for dismissal, we must look to the trial court's basis for dismissal. *Brown v. Sanders*, No. 02-21-00212-CV, 2022 WL 2071782, at *3 (Tex. App.—Fort Worth June 9, 2022, no pet.) (mem. op.). Here, the trial court retained the case from its dismissal docket, but thereafter issued a subsequent notice which indicated, among other things, that the parties' unexcused failure to appear at the July 5 pretrial hearing could result in the dismissal of the case for want of prosecution. The notice also stated that the designated settings were "pursuant to the time standards promulgated by the [Texas] Supreme Court." Thus, the notice did not limit the grounds that are available to the trial court for dismissal to those prescribed by Rule 165a or to the trial court's inherent authority, and it sufficiently advised the parties that the trial court could dismiss the case based on some, or all three of the above independent grounds, if the parties failed to appear at the designated settings—either the pretrial conference or for trial. *See id.* (holding that referring in its notice to the Texas Supreme Court's case-disposition time standards adequately notified the parties that the case was subject to dismissal under Rule 165a(2) and the trial court's inherent authority); *see also Cummings*, 634 S.W.3d at 169–70 (same).

Further, the trial court's order of dismissal recites that Appellant's claims are "dismissed for want of prosecution," but the order does not specify upon which

5

ground(s) the trial court relied as a basis for its dismissal. *See Cummings*, 634 S.W.3d at 166 ("Appellants' failure to appear at the dismissal hearing was noted in the recitals of the order, but the decretal language of the order did not state a specific ground upon which the dismissal was based."); *Self v. King*, No. 05-11-01296-CV, 2013 WL 3353327, at *3 (Tex. App.—Dallas June 28, 2013, pet. denied) (mem. op.) ("In this case, although the trial judge included a factual recital in the dismissal order that [plaintiff] did not appear at the dismissal hearing, the order is silent as to the ground or grounds for the dismissal."). Therefore, because the trial court's order is silent as to the reason(s) for dismissal and because the record does not contain findings of fact or conclusions of law, we must affirm the trial court's order on any legal theory that is supported by the record. *See Sellers v. Foster*, 199 S.W.3d 385, 391 (Tex. App.—Fort Worth 2006, no pet.); *Maida v. Fire Ins. Exch.*, 990 S.W.2d 836, 839–40 (Tex. App.—Fort Worth 1999, no pet.).

As for addressing Appellant's motion to reinstate, it was Appellant's responsibility to request a hearing on his motion. *See Cabrera v. Cedarapids Inc.*, 834 S.W.2d 615, 618–19 (Tex. App.—Houston [14th Dist.] 1992), *writ den'd*, 847 S.W.2d 247 (Tex. 1993); *Santibanez v. Lenhard*, No. 11-98-00305-CV, 1999 WL 33743875, at *1 (Tex. App.—Eastland Nov. 24, 1999, no pet.). He failed to do so. As such, Appellant has failed to preserve any complaint regarding the trial court's refusal to hear his motion to reinstate; therefore, the only issue that we must address is whether the trial court acted arbitrarily, unreasonably, or without reference to guiding rules and principles when it allowed the motion to be overruled by operation of law. *See Oliphant Fin. LLC v. Angiano*, 295 S.W.3d 422, 424 (Tex. App.—Dallas 2009, no pet.) ("If an independent ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, we must accept the validity of that unchallenged independent ground, and thus any error in

6

the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment.").

In his motion to reinstate, Appellant asserted that (1) "This cause [was] set for hearing on July 5, 2023"; (2) "Counsel for Appellant failed to appear"; (3) "Counsel did have notice of the setting, having opened the e-mail, but was distracted by another matter and forgot to calendar it"; and (4) "[T]he failure to appear was not intentional or the result of conscious indifference." While trial counsel's explanation for failing to appear at the pretrial hearing was a necessary component of Appellant's motion, his motion failed to address or otherwise explain the lengthy delays for prosecuting his case.

We note that Appellant only contends on appeal that the trial court's dismissal, and therefore its denial of his motion to reinstate, was based on his failure to appear at the pretrial hearing. *See Nichols v. Sedalco Const. Servs.*, 228 S.W.3d 341, 342–43 (Tex. App.—Waco 2007, pet. denied) ("[T]he appellant 'must show that each independent ground alleged in the motion to dismiss is insufficient to support the order.'" (quoting *Harrison v. Tex. Dep't of Crim. Justice*, 164 S.W.3d 871, 875 (Tex. App.—Corpus Christi–Edinburg 2005, no pet.)). However, because the trial court's dismissal order is supported by independent grounds that were *not challenged* by Appellant—its inherent authority to dismiss the case based on Appellant's lack of due diligence in prosecuting it and Appellant's failure to comply with the required time disposition standards for pending cases—we must accept the underlying basis of these unchallenged, independent grounds.

Here, the trial court could have dismissed Appellant's suit for want of prosecution based on his lack of diligence in prosecuting it and/or his failure to adhere to the supreme court's time disposition standards for pending cases. In considering whether dismissal is supported by a plaintiff's lack of diligence, the trial court may consider the entire case history, including the amount of activity in the

case, the length of time the case has been pending, any requests submitted by the parties for a trial date, and whether reasonable excuses for any delays exist. *See State v. Rotello*, 671 S.W.2d 507, 508–09 (Tex. 1984); *Bilnoski v. Pizza Inn, Inc.*, 858 S.W.2d 55, 58 (Tex. App.—Houston [14th Dist.] 1993, no writ.); *City of Houston v. Malone*, 828 S.W.2d 567, 568 (Tex. App.—Houston [14th Dist.] 1992, no writ).

Appellant filed suit on November 30, 2017, and received notice on September 8, 2022—approximately five years after his original petition was filed—that the trial court was considering dismissing the suit. After receiving notice of the dismissal hearing, Appellant filed a request for a jury setting approximately one month later; the trial court thereafter set a pretrial hearing for March 8, 2023. Before the date of this pretrial hearing, Appellant requested a continuance, which the trial court granted. The trial court then rescheduled the pretrial hearing to July 5, 2023; however, neither Appellant nor his trial counsel appeared. The trial court's setting notice, of which Appellant and his trial counsel were aware, stated: "Failure to appear without excuse may result in dismissal of this case for want of prosecution, sanctions, or other orders as the Court deems appropriate." When the trial court's setting notice was sent to the parties, Appellant's case had been pending on the trial court's docket, with minimal to no activity, for almost five years, well in excess of the supreme court's time standards for the disposition of pending cases. Moreover, in his motion to reinstate, Appellant neither offered nor demonstrated any explanation for his delay in diligently prosecuting his case.

Because Appellant failed to address *all* independent grounds to support the trial court's dismissal of his suit for want of prosecution, we cannot say that the trial court abused its discretion as Appellant contends. *See Nichols*, 228 S.W.3d at 343; *see also Cotten v. Briley*, 517 S.W.3d 177, 184 (Tex. App.—Texarkana 2017, no pet.) ("Considering the entire record and the long period of inactivity without a

showing of good cause for the delay, we cannot say that the trial court abused its discretion in dismissing the suit under its inherent authority.").  Accordingly, we overrule Appellant's sole issue on appeal.

IV. *This Court's Ruling*

We affirm the order of the trial court.


W. STACY TROTTER

JUSTICE


November 7, 2024

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.