# IN THE SUPREME COURT OF TEXAS

═══════════
No. 14-0177
═══════════

═══════════════════════════════════════════════════
IN RE MICHAEL ALLYN CONNER AND IESI SOLID WASTE SERVICES, RELATORS

═══════════════════════════════════════════════════
ON PETITION FOR WRIT OF MANDAMUS
═══════════════════════════════════════════════════

**PER CURIAM**

A plaintiff has a duty to "prosecut[e] the suit to a conclusion with reasonable diligence," failing which a trial court may dismiss for want of prosecution. *Callahan v. Staples*, 161 S.W.2d 489, 491 (Tex. 1942). The issue here is whether a trial court abuses its discretion by refusing to grant a motion to dismiss for want of prosecution in the face of unmitigated and unexplained delay. We hold that it does.

In December 2002, Donald and Crystal Peel were traveling in their van along a highway when they were struck by a truck driven by Michael Conner and owned by his employer, IESI Solid Waste Services. One day short of two years later, the Peels sued Conner and IESI (collectively "Conner") for damages. Conner timely answered and requested discovery, but the Peels did not respond. In June 2007, two months before a trial setting, Conner moved for summary judgment. The Peels responded. The trial setting was cancelled, and the motion was never heard.

By September 2011, the Peels had taken no other action to advance the case, and Connor moved to dismiss for want of prosecution. The Peels responded that the delay was due to their

counsel's health issues, including a stroke requiring hospitalization and, later, bypass surgery. The Peels did not indicate when counsel's health issues had occurred. The trial court refused to dismiss the case.

In October 2013, when the Peels had still done nothing to pursue their claims, Conner again moved to dismiss for want of prosecution. At the hearing on the motion, the Peels offered no other excuse for their delay than they had before. Conner cited court records showing that the Peels' counsel had appeared in many different matters in the prior two years. The trial court again refused to dismiss, directed the Peels to respond to Connor's discovery requests served more than eight years earlier, and set the case for trial.

Conner petitioned the court of appeals for mandamus directing the trial court to dismiss the case. The court of appeals denied relief, and Connor then petitioned this Court.

Trial courts are generally granted considerable discretion when it comes to managing their dockets. Such discretion, however, is not absolute. It has long been the case that "a delay of an unreasonable duration . . . , if not sufficiently explained, will raise a conclusive presumption of abandonment of the plaintiff's suit." *Callahan*, 161 S.W.2d at 491. This presumption justifies the dismissal of a suit under either a court's inherent authority or Rule 165a of the Texas Rules of Civil Procedure. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999) (recognizing both common law source of power and rule based source of power); *see, e.g.*, *Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex. 1976) (finding seven-and-one-half year delay as failing to satisfy the demands of reasonable diligence); *Denton Cnty. v. Brammer*, 361 S.W.2d 198,

2

201 (Tex. 1962) (same for five-year delay); *Bevil v. Johnson*, 307 S.W.2d 85, 88 (Tex. 1957) (same for eight-year delay).

Under Rule 165a, there are two grounds for dismissal for want of prosecution. One is when a "party seeking affirmative relief [fails] to appear for any hearing or trial of which the party had notice." TEX. R. CIV. P 165a(1). In such cases, "[a] court shall dismiss . . . unless there is good cause for the case to be maintained on the docket." *Id.* The other is when a case is "not disposed of within [the] time standards promulgated by the Supreme Court." TEX. R. CIV. P. 165a(2). And while Rule 165a(2) does not refer to Rule 165a(1)'s procedural requirements, including notice and a hearing, neither does it suggest a basis for deviating from those procedures.

The Peels' failure to provide good cause for their nearly decade-long delay mandates dismissal under Rule 165a(2). Our Rules of Judicial Administration require district and statutory county courts to ensure, "so far as reasonably possible," that civil cases in which a jury has been demanded, other than those arising under the Family Code, are brought to trial or final disposition within eighteen months of the appearance date. TEX. R. JUD. ADMIN. 6.1(b)(1). The Peels' suit well exceeded this time frame. Absent any reasonable explanation for the delay, the trial court clearly abused its discretion by disregarding the conclusive presumption of abandonment. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) ("[A] clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ."); *see also Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

Mandamus will issue to correct such an abuse of discretion when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004). A trial court's erroneous refusal to dismiss a case for want of prosecution cannot effectively be challenged on appeal. A defendant should not be required to incur the delay and expense of appeal to complain of delay in the trial court. To deny relief by mandamus permits the very delay dismissal is intended to prevent. In addition, the danger that a trial will be hampered by stale evidence and lost or clouded memories is particularly distinct after the delay in this case. *See So. Pac. Transp. Co. v. Stoot*, 530 S.W.2d 930, 931 (Tex. 1975) ("[P]ossibilities for error multiply rapidly as time elapses between the original fact and its judicial determination.").

Accordingly, we conditionally grant the petition for writ of mandamus, and without hearing oral argument, direct the trial court to vacate its order denying Conner's motion to dismiss filed October 24, 2013, and to dismiss this suit for want of prosecution. TEX. R. APP. P. 52.8(c). We are confident the trial court will promptly comply, and our writ will issue only if it does not.

Opinion Delivered: March 20, 2015