

# In The

# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00435-CV

IN RE CHRISTOPHER CALLANO, RELATOR

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

December 18, 2017

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Christopher Callano petitioned for a writ of mandamus. He asks that we direct the Honorable Stuart Messer, Judge of the 100th Judicial District Court, to dismiss the civil forfeiture action filed by the State of Texas in Carson County, assigned No. 11707, and styled *State of Texas v. Approximately $198,006.00 United States Currency*. He argues that the proceeding was "conclusively abandoned" by the State because there had been no final disposition of it within twelve months of the date he filed an answer and appeared in the cause. We deny the petition.

*Authority*

It cannot be doubted that a plaintiff has the duty to prosecute his suit to a conclusion with reasonable diligence. *In re Conner*, 458 S.W.3d 532, 534 (Tex. 2015).

Furthermore, Texas Rule of Civil Procedure 165a(2) provides that "[a]ny case not disposed of within time standards promulgated by the Supreme Court under its Administrative Rules may be placed on a dismissal docket." TEX. R. CIV. P. 165a(2). And, absent any reasonable explanation for the delay, the trial court would be authorized to dismiss it. *In re Conner*, 458 S.W.3d at 535.

Here, the administrative rule in play is Rule 6.1(a)(2). It provides that "[d]istrict and statutory county court judges of the county in which cases are filed should, so far as reasonably possible, ensure that all cases are brought to trial or final disposition in conformity with the following time standards . . . Civil Nonjury Cases. –Within 12 months from appearance date." TEX. R. JUD. ADMIN 6.1(a)(2). Callano argues that this rule was violated which mandates the dismissal of the State's suit.

*Analysis*

The record at bar illustrates that Callano filed his answer or appearance in the forfeiture case on May 5, 2016. Thus, the suit allegedly had to be finally disposed of by May 5, 2017, absent a reasonable explanation for the delay. Since the suit remained pending on the trial court's docket once the anniversary date passed, Callano moved to dismiss it. The matter came for hearing.

At that hearing, the State informed the trial court not only that discovery it served on Callano remained unanswered but also that it had moved for summary judgment. That led the trial court to discuss the outstanding discovery with Callano's attorney. Said attorney conceded that the discovery was outstanding but argued that such was of no consequence because it was the State's obligation to compel him to comply. That lead the trial court to ask: "[a]nd so if they had a Motion to Compel and asked for attorneys

2

fees, you think that would be appropriate because you're telling me that **you did it deliberately**?" (Emphasis added). Callano's attorney replied: "If they had done that within the time period that they had to prosecute this case before it was abandoned, **I would agree with that a hundred percent**, Your Honor." (Emphasis added).

The foregoing exchange reveals the presence of a reason for the delay, at least in part. Despite the expectation that parties and their attorneys cooperate in discovery, TEX. R. CIV. P. 191.2, Callano "deliberately" neglected to respond to discovery served on him by the State and admitted through his attorney that his conduct would warrant the imposition of sanctions if the suit were not subject to dismissal. So, the trial court had evidence before it (i.e., the admission by Callano's attorney) from which it could reasonably infer that Callano resurrected impediments to "the efficient disposition of the case." *Id.* (obligating the parties and their attorneys to also make any agreements regarding discovery reasonably necessary "for the efficient disposition of the case").

Though mandamus may be a legal remedy, the equitable doctrine of unclean hands plays a role in its availability. *See Axleson, Inc. v. McIlhany*, 798 S.W.2d 550, 552 n.2 (Tex. 1990) (orig. proceeding) (stating that "[m]andamus is a legal remedy, but it is governed to some extent by suitable principles" and "the doctrine of unclean hands has been used to deny issuance of the writ."); *In re Jim Walter Homes, Inc.*, 207 S.W.3d 888, 899 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) (stating the same). Moreover, the doctrine normally applies to situations where one's own conduct in connection with the matter in dispute has been unconscientious, unjust or a want of good faith and such conduct exposed the complaining party to injury. *In re Jim Walter Homes*, 207 S.W.3d at 899. We find it rather problematic to dismiss the State's suit because of a

3

delay in its timely disposition when the delay was caused, in part, by Callano's deliberate disregard of his obligation to cooperate in discovery. That would be tantamount to rewarding him for his unconscientious actions to the rather extreme detriment of the State.

In short, the trial court had before it both a reasonable explanation of the delay and the State's motion for summary judgment filed in effort to dispose of the suit, as required by *In re Conner*. Additionally, the relief asked of us tends to reward Callano for his own deliberate conduct that violated the rules of civil procedure. Both circumstances compel us to deny the petition for a writ of mandamus.

Brian Quinn
Chief Justice