**Opinion filed October 4, 2018**



### In The

# Eleventh Court of Appeals

_____

## No. 11-16-00316-CV

_____

## ROBERT E. BARBEREE AND JANE BARBEREE, Appellants

## V.

## TODD FANNING AND FANNING CONSTRUCTION, INC., Appellees

---

**On Appeal from the 266th District Court**
**Erath County, Texas**
**Trial Court Cause No. CV31048**

---

## M E M O R A N D U M   O P I N I O N

Robert E. Barberee and Jane Barberee appeal the trial court's dismissal of their lawsuit for want of prosecution. Appellants challenge the dismissal in two issues. We affirm.

### Background Facts

Appellants contracted with Fanning Construction, Inc. in 2007 to build their house in Stephenville. Appellants subsequently filed the underlying suit against

Todd Fanning and Fanning Construction on April 6, 2011. Appellants alleged that Appellees violated the Texas Deceptive Trade Practices Act, committed common law fraud, and breached the construction contract. *See* TEX. BUS. & COM. CODE ANN. §§ 17.01–.955 (West 2011 & Supp. 2017) (DTPA).

At some point, the trial court placed the case on a dismissal docket. Subsequently, Appellants' attorney wrote the trial court on May 16, 2016, requesting a trial setting on the contested, nonjury docket. The court coordinator sent the attorneys a letter on June 1, 2016, setting the case for **"FINAL HEARING or Dismissal for Want of Prosecution"** for August 18, 2016. In July 2016, Appellees filed a motion to dismiss for want of prosecution. The trial court set the motion to dismiss for a hearing on August 18, 2016, at the same time as the previous setting. One day before the hearing, Appellants filed a response to the motion to dismiss for want of prosecution. Appellants alleged in their response that they had had difficulty finding experts that could quantify their damages.

The trial court heard the motion to dismiss on August 18, 2016. At the hearing, Appellees presented a timeline showing that, from May 26, 2011, through July 1, 2011, the parties exchanged discovery requests and responses. Additionally, Appellants took the deposition of one of Appellees' witnesses on August 21, 2012. However, no discovery had been exchanged between the parties nor pleadings filed in the case since August 2012. The trial court heard oral arguments from both parties. The trial court also heard testimony from Appellant Jane Barberee concerning the delay in the case proceeding to trial. She testified that they had had difficulty getting contractors to determine the costs of repairs needed for their home, and she attributed the delay in the suit on this difficulty. The hearing concluded with the trial court discussing the potential effect of a recent opinion from the Texas Supreme Court. *See In re Conner*, 458 S.W.3d 532, 534 (Tex. 2015) (orig.

proceeding). The trial court subsequently entered its "Order of Dismissal for Want of Prosecution" on August 26, 2016.

Appellants filed a "Motion to Reinstate after Dismissal" on September 23, 2016. The motion included Appellant Jane Barberee's affidavit. A hearing on the motion to reinstate was held on October 24, 2016. The trial court subsequently denied the motion to reinstate.

*Analysis*

Appellants bring two issues on appeal. In both issues, they assert that the trial court abused its discretion by dismissing their suit for want of prosecution. In their first issue, Appellants assert that they established that they were diligent in prosecuting their suit. In their second issue, Appellants assert that the trial court abused its discretion because they were ready to proceed to trial.

"A plaintiff has a duty to 'prosecut[e] the suit to a conclusion with reasonable diligence,' failing which a trial court may dismiss for want of prosecution." *In re Conner*, 458 S.W.3d at 534 (quoting *Callahan v. Staples*, 161 S.W.2d 489, 491 (Tex. 1942)). "The trial court's authority to dismiss for want of prosecution stems from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure, and (2) the court's inherent power." *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999) (explaining both the statutory and common law sources of power). The failure to prosecute a case with reasonable diligence will justify a dismissal either under Rule 165a or the trial court's inherent authority. *In re Conner*, 458 S.W.3d at 534.

Under Rule 165a(2), a case may be dismissed if it is "not disposed of within time standards promulgated by the Supreme Court." TEX. R. CIV. P. 165a(2). Under Rule 6.1(a) of the Texas Rules of Judicial Administration, the time standard for a nonfamily law civil case is twelve months if it is a nonjury case and eighteen months

if it is a jury case. TEX. R. JUD. ADMIN. 6.1(a), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F app. (West 2013 & Supp. 2017). There is no dispute that this case was not disposed of within the time limits promulgated by the Texas Supreme Court. At the time the trial court placed the case on its dismissal docket, over five years had passed since Appellants filed suit. Therefore, the trial court was authorized to dismiss the case for want of prosecution under either Rule 165a(2) or the court's inherent authority.

Trial courts are generally granted considerable discretion when it comes to managing their dockets. *In re Conner*, 458 S.W.3d at 534. We will reverse a trial court's dismissal for want of prosecution only if the court clearly abused its discretion. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam). A trial court abuses its discretion if it acts arbitrarily or without reference to any guiding rules or principles. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012).

With respect to Appellants' first issue, they contend that the trial court abused its discretion by not finding their explanation satisfactory to constitute reasonable diligence in prosecuting their lawsuit. We disagree. While Appellants outlined difficulty in finding an expert to establish their damages, we note that the suit had been pending for over five years at the time the trial court dismissed it and that approximately four years had elapsed without any activity being reflected in the clerk's file. These periods at least doubled the period of time outlined in the Rules of Judicial Administration for bringing a suit to trial. At some point, a plaintiff must pursue a different course of action in order to prosecute his suit with diligence if he cannot find an expert to establish his claim.

Appellants contend that the decision in *In re Conner* is distinguishable because the delay in that case was much longer and the plaintiff did not provide an explanation for the delay. However, the trial court in *In re Conner* denied the request

4

to dismiss for want of prosecution. 458 S.W.3d at 534. Unlike the situation in *In re Conner*, the trial court here dismissed the case for want of prosecution. The record does not establish that the trial court abused its discretion in determining that Appellants had not prosecuted their case with diligence irrespective of their explanation of the delay.

Appellants' second issue focuses on the matter of the trial setting. They cite *Moore v. Armour & Co.*, 660 S.W.2d 577 (Tex. App.—Amarillo 1983, no writ) (*Moore I*), for the proposition that a case should not be dismissed for want of prosecution if, at the time of the dismissal hearing, the plaintiff has announced ready for trial and has secured a trial setting or is otherwise making a diligent effort to get the case to trial. However, the Amarillo Court of Appeals revisited its opinion in *Moore I* in *Moore v. Armour & Co.*, 748 S.W.2d 327, 330–31 (Tex. App.—Amarillo 1988, no writ) (*Moore II*). In *Moore II*, the court noted that dismissal for want of prosecution is not precluded by announcement of ready and a request for a trial setting because "[t]hat position would deny the trial court the right it has to consider the entire history of the cause . . . and would impermissibly allow the cause to linger on the docket without being tried or dismissed." *Id.* (citing *Johnson v. J.W. Const. Co.*, 717 S.W.2d 464, 467 (Tex. App.—Fort Worth 1986, no writ); *Levermann v. Cartall*, 715 S.W.2d 728, 731 (Tex. App.—Texarkana 1986, writ ref'd n.r.e.)). We agree with the holding in *Moore II* that an announcement of ready and a request for a trial setting, particularly after the case has been placed on a dismissal docket, does not preclude dismissal for want of prosecution.

The record does not establish that the trial court abused its discretion by granting Appellees' motion to dismiss for want of prosecution. We overrule Appellants' first and second issues.

*This Court's Ruling*

We affirm the order of the trial court.

JOHN M. BAILEY
CHIEF JUSTICE

October 4, 2018

Panel consists of: Bailey, C.J.;
Gray, C.J., 10th Court of Appeals[1];
and Wright, S.C.J.[2]

Willson, J., not participating.

---

[1]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.