# NO. 12-18-00271-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *CHRISTINE REULE,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Relator Christine Reule, acting pro se, filed this original proceeding in which she seeks a writ of mandamus compelling Respondent to sign a temporary restraining order or set a hearing thereon and to set her motions for contempt for a hearing.[1] We deny the writ.

## BACKGROUND

According to Reule, Real Parties in Interest, Bernard and Jeannie Chism, are her next door neighbors. She states that she hired Mr. Chism to install an electric box, septic tank, and water tank. A dispute arose among them, and Reule states that Chism threatened to sell her property and charge for rent. The record before us is not entirely clear as to which "property" Reule refers, but she claims that she futilely requested return of her property. Nor is the record entirely clear as to the property for which Chism threatened to charge rent. Reule filed her original petition against the Chisms on August 15, 2018, and Respondent signed a temporary restraining order on August 17. However, Chism locked Reule out of a rental and water on August 20. The record is unclear as to the details of this "rental." On August 27, Reule filed an amended original petition, which sought temporary orders based on events that occurred after the August 17 temporary restraining order. That same day, she filed a motion for contempt and request for expedited hearing. On August 30, the Chisms appeared in court and entered a general appearance. Reule states that

---

[1] Respondent is the Honorable Jack Skeen, Jr., Judge of the 241st District Court in Smith County, Texas.

Respondent indicated that he lacked jurisdiction to hear matters that arose after entry of the temporary restraining order because the Chisms denied receiving the amended petition. The trial court signed a temporary injunction on August 31 and set bond at $100.[2]

On September 5, Reule filed a second amended original petition, along with an application for a temporary restraining order. Also on September 5, Respondent signed a scheduling order and ordered the parties to attend mediation. According to Reule, on September 7, the Chisms only returned part of her property to her, in violation of the temporary injunction. Thus, on September 12, Reule filed a second motion for contempt, requested a hearing date, and sought a show cause hearing as to why the Chisms should not be held in contempt. On September 12, 14, 17, 19, and 20, Reule engaged in various communications with the court coordinator to determine the status of her request for a temporary restraining order and requesting hearing dates for the temporary restraining order, her contempt motions, and for a summary judgment motion that she intended to file. On September 23, Reule filed a motion to set matters for hearing and to sign the temporary restraining order. Subsequently, on September 28, Reule wrote to Respondent to request hearing dates and to either sign the temporary restraining order or set the matter for a hearing. Reule maintains that she also left several telephone messages for the court coordinator to request temporary orders and hearing dates.

Reule complains that Respondent has yet to sign a temporary restraining order as sought in her second amended original petition or set any pending matters for a hearing. She states that:

> Since the time [Reule] filed her Second Amended Petition on September 5, 2018, [Chism] has stolen over 366 gallons of water without [Reule's] permission, the Smith County Sheriff's office will do nothing about it, he has continued to shoot his gun and shotgun within 30 feet or so of [Reule] in an effort to intimidate, harass and indirectly threaten [Reule] and her witness; he has filed a misdemeanor false charge against [Reule's] other witness (the same witness from whom he stole a trailer and well digger), he has said on video tape that he doesn't have to comply with Respondent's writ of injunction because it's temporary, and he continues to deny her access of the property and water. [Reule] has continued to incur costs, has had to buy bottle water and haul in water for herself and her pets, all while continuing to pay a water bill for water she's been wrongfully locked out of….

---

[2] Reule provided a copy of her statement of inability to afford payment of court costs or an appeal bond that she filed with the Smith County clerk on August 15, 2018. The Smith County clerk wrote "Approved 8-17-18" on the face of the document. Reule sought preparation of the reporter's record of the August 30 and 31 hearings to provide to this Court. The court reporter informed Reule that she needed an order from Respondent requiring her to prepare the record. However, the record of those hearings is not necessary given our disposition of this proceeding.

She states that her due process rights are being violated by Respondent's failure to issue another temporary restraining order and set matters for a hearing.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both of these prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.). "Mandamus will not issue when the law provides another plain, adequate, and complete remedy." *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding).

## AVAILABILITY OF MANDAMUS

"Consideration of a motion that is properly filed and before the trial court is a ministerial act, and mandamus may issue to compel the trial court to conduct a hearing and rule on the motion." *In re Gerstner*, No. 02-15-00315-CV, 2015 WL 6444797, at *1 (Tex. App.—Fort Worth Oct. 23, 2015, orig. proceeding) (mem. op.). To obtain a writ of mandamus compelling a trial court to consider and rule on a motion, the relator must show that the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). Generally, a trial court has a nondiscretionary duty to consider and rule on a motion within a reasonable time. *In re Thomas*, No. 12–05–00261–CV, 2005 WL 2155244, at *1 (Tex. App.—Tyler Sept. 7, 2005, orig. proceeding) (mem. op.). Whether the trial court has had a reasonable time within which to rule depends on the circumstances of each case, and "no bright-line demarcates the boundaries of a reasonable time period." *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). "Its scope is dependent upon a myriad of criteria, not the least of which is the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first." *Id*. at 228-29.

In this case, Reule filed a motion for contempt on August 27, a second amended petition on September 5, a second motion for contempt on September 12, and a motion to set matters for a hearing on September 23.[3] Thus, her second amended original petition and various motions have only been pending for a relatively short amount of time. According to Reule, Respondent informed the parties on August 30 that he was busy until next year and would be on vacation the first week of September.[4]

"Trial courts are generally granted considerable discretion when it comes to managing their dockets." *In re Conner*, 458 S.W.3d 532, 534 (Tex. 2015). Reule presents no evidence of the number of other cases, motions, or issues pending on Respondent's docket, those which have pended on the docket longer than the present case, those pending on the docket that lawfully may be entitled to preferential settings, or Respondent's schedule. *See Chavez*, 62 S.W.3d at 229. Absent such evidence, we cannot say that a reasonable time for ruling has passed with respect to Reule's various motions and request for additional temporary relief. *See id*. at 228-29. Under these circumstances, Reule has not established that mandamus relief is available for Respondent's failure to rule on the request for a temporary restraining order contained in her second amended petition or on the motions for contempt.

<u>**DISPOSITION**</u>

Because Reule has not shown that she is entitled to mandamus relief, we ***deny*** the petition for writ of mandamus. All pending motions are ***overruled as moot***.

<u>**BRIAN HOYLE**</u>
Justice

---

[3] To the extent Reule complains about Respondent's failure to set a hearing on a motion for summary judgment that she has yet to file, Texas Rule of Civil Procedure 166a does not prohibit Reule from filing her motion before obtaining a hearing date. Rather, the motion must be filed and served on the opposing party at least twenty-one days before the motion is heard. *See* TEX. R. CIV. P. 166a(c). Thus, Reule is not prevented from filing and serving her motion and subsequently obtaining a hearing date, so long as the date affords at least twenty-one days' notice of the hearing *See id*.

[4] Reule also complains that Respondent assisted the Chisms, who are acting pro se, during the August 30 hearing by "claiming he had an objection that he did not clearly state." This complaint is not the type of extraordinary issue that requires resolution by mandamus. *See Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992) (a writ of mandamus will issue only in situations that involve manifest and urgent necessity and not for grievances that may be addressed by other remedies). Nevertheless, we note that courts must hold pro se litigants to the same standards as licensed attorneys and pro se litigants must comply with applicable laws and procedural rules. *See Amir-Sharif v. Mason*, 243 S.W.3d 854, 856 (Tex. App.—Dallas 2008, no pet.).

4

Opinion delivered November 5, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 5, 2018**

**NO. 12-18-00271-CV**

**CHRISTINE REULE,**
Relator
V.

**HON. JACK SKEEN, JR.,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Christine Reule; who is the relator in Cause No. 18-1871-C, pending on the docket of the 241st Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on October 8, 2018, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*