# NO. 12-19-00244-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *MICHAEL ALLYN KENNEDY,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*

Relator, Michael Allyn Kennedy, filed this original proceeding to seek a writ of mandamus compelling Respondent to issue a summons and complaint in his lawsuit against Real Parties in Interest, Anderson County, Frederick Kennedy, and the City of Palestine, which he states was filed on April 3, 2019.[1] According to Relator, Respondent refuses to act on his lawsuit or "bring the suit to the court." Relator states that he filed three motions for issuance of a summons and complaint, filed in April and May, but Respondent has not ruled on the motions. He also appears to complain that no cause number has been issued for his lawsuit.[2]

We first note that Relator's lawsuit does have an assigned cause number, DCCV18-592-369. Second, to obtain a writ of mandamus compelling a trial court to consider and rule on a motion, the relator must show that the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.–San Antonio 2003, orig. proceeding). Generally, a trial court has a nondiscretionary duty to consider and rule on a motion within a reasonable time. *In re Thomas*, No. 12–05–00261–CV, 2005 WL 2155244, at *1 (Tex. App.–Tyler Sept. 7, 2005, orig.

---

[1] Respondent is the Honorable C. Michael Davis, Judge of the 369th District Court in Anderson County, Texas.

[2] Relator also appears to complain of some action or inaction by the Anderson County District Clerk. However, this Court lacks mandamus jurisdiction over the District Clerk in this case. *See In re McCreary*, No. 12-17-00292-CR, 2017 WL 4321170 (Tex. App.—Tyler Sept. 29, 2017, orig. proceeding) (mem. op., not designated for publication).

proceeding) (mem. op.). However, a trial court cannot be expected to consider a motion not called to its attention. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). It is incumbent upon the relator to establish that the motion has been called to the trial court's attention. *See id*.

In this case, Relator provides no evidence demonstrating that Respondent was afforded or had notice of Relator's motions. Nor does Relator present evidence, such as a docket sheet, demonstrating that Respondent has not ruled on his motions. *See In re Creag*, No. 12-17-00191-CV, 2017 WL 2665987, at *1 (Tex. App.—Tyler June 21, 2017, orig. proceeding) (mem. op.); *see also In re Vasquez*, No. 05-15-00592-CV, 2015 WL 2375504, at *1 (Tex. App.—Dallas May 18, 2015, orig. proceeding) (mem. op.) (denying petition that failed to include a docket sheet or other form or proof that trial court had not ruled on motion).

Moreover, by his own admission, Relator recently filed his lawsuit in April 2019. "Trial courts are generally granted considerable discretion when it comes to managing their dockets." *In re Conner*, 458 S.W.3d 532, 534 (Tex. 2015). Whether the trial court has had a reasonable time within which to rule depends on the circumstances of each case, and "no bright-line demarcates the boundaries of a reasonable time period." *Chavez*, 62 S.W.3d at 228. "Its scope is dependent upon a myriad of criteria, not the least of which is the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first." *Id*. at 228-29. Relator presents no evidence of the number of other cases, motions, or issues pending on Respondent's docket, those which have pended on the docket longer than the present case, those pending on the docket that lawfully may be entitled to preferential settings, or Respondent's schedule. *See id.*, 62 S.W.3d at 229. Absent such evidence, we cannot say that a reasonable time for ruling has passed with respect to Relator's motions. *See id*. at 228-29. Accordingly, we conclude that Relator has not established his entitlement to mandamus relief.

### DISPOSITION

Because Relator has not shown that he is entitled to mandamus relief, we ***deny*** the petition for writ of mandamus. All pending motions are ***overruled as moot***.

2

**J**AMES **T. W**ORTHEN
Chief Justice

Opinion delivered July 10, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 10, 2019**

**NO. 12-19-00244-CV**

**MICHAEL ALLYN KENNEDY,**
Relator
V.

**HON. C. MICHAEL DAVIS,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Michael Allyn Kennedy; who is the relator in appellate cause number 12-19-00244-CV and the plaintiff in trial court cause number DCCV18-592-369, pending on the docket of the 369th Judicial District Court of Anderson County, Texas. Said petition for writ of mandamus having been filed herein on July 1, 2019, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

4