

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-23-00053-CV

---

AYMAN & SHADI, LLC D/B/A MILANO'S PIZZA;
MILANO'S PIZZA IN ITS ASSUMED OR COMMON NAME, Appellant

V.

ELLEN MCCONNELL AND SUE ELLEN STRIZICH, Appellees

---

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 18-0107

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

This petition for permissive interlocutory appeal concerns whether the trial court had discretion to retain a personal injury case on its docket, or alternatively, whether the trial court was required to dismiss the case for want of prosecution.

We are mindful of the admonition that "in many instances, courts of appeals should do exactly what the Legislature has authorized them to do—accept permissive interlocutory appeals and address the merits of the legal issues certified." *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 733 (Tex. 2019). This, however, is not such a case. Nor is this a matter of the discretion granted to appellate courts to reject permissive interlocutory appeals even when the statutory requirements are met. *See id.* at 732. Rather, this is an instance of a threshold requirement not being met. To be entitled to a permissive appeal from an interlocutory order that would not otherwise be appealable, the requesting party must establish that (1) "the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (Supp.); *see* TEX. R. APP. P. 28.3(e)(4); TEX. R. CIV. P. 168.

Here, the petition falters at the starting gate.

This petition does not present a controlling question of law as to which there is a substantial ground for difference of opinion.

Petitioner asserts that "the controlling question of law is whether filing a motion to retain *in a case that* has been on a court's docket for five years with no other action having been taken

for three years and no explanation given for the delay in prosecution, is sufficient action by a plaintiff to avoid dismissal." (Emphasis added). Everything in that sentence after "in a case that" is about the application of law to the facts of a given case, particularly this case. The trial court's order contains much the same language.

Petitioner points this Court to Rule 6.1(b)(1) of the Texas Rules of Judicial Administration and its directive to trial courts regarding the timely disposition of cases. Nowhere, however, does Petitioner ask this Court to create a different rule, to alter that rule, or even to interpret the language of that rule.

Instead, Petitioner contends that "[c]urrently, there is a lack of case law applying Tex. R. Jud. Admin. Rule 6.1(b)(1) to cases such as the one herein." Once again, what follows "such as the one herein" are the Petitioner's factual contentions.

The application of Rule 6.1(b)(1) to the question of when a case must be dismissed for want of prosecution has previously been addressed by the Supreme Court of Texas. *In re Conner*, 458 S.W.3d 532 (Tex. 2015) (orig. proceeding) (per curiam). Petitioner cites to *In re Conner* and then contends, "Other than this Supreme Court mandamus case, there is little to no case law currently involving the application of Rule 6.1(b)(1), Tex. R. Jud. Admin. to cases where there are such extreme delays in prosecution like the case bar." Notably, however, this Court has implemented *In re Conner*:

> Under both Rule 165a and the trial court's inherent power, a conclusive presumption of abandonment of a plaintiff's suit is raised when there is a delay in prosecuting the suit of an unreasonable duration, unless sufficiently explained. Consequently, the party opposing the dismissal has the burden to

3

> produce evidence at the hearing showing good cause for its delay in prosecuting the case.

*In re Crawford*, 560 S.W.3d 357, 364 (Tex. App.—Texarkana 2018, orig. proceeding) (citing *In re Conner*, 458 S.W.3d at 534).

In *In re Crawford*, this Court looked specifically to Rule 6.1(b)(1) of the Texas Rules of Judicial Administration. *Id.* at 365. ("Turner's case has been pending well in excess of the stated timelines.").

In sum, the petition itself demonstrates that it is about the application of an established rule to particular facts. Accordingly, we find that the Petitioner has not met the first requirement for a permissive interlocutory appeal. That is the end of the inquiry, because "[t]he courts have no discretion to permit or accept an appeal if the two requirements are not satisfied." *Indus. Specialists, LLC v. Blanchard Refin. Co. LLC*, 652 S.W.3d 11, 16 (Tex. 2022).

We deny the petition and dismiss this attempted appeal.[1]


Jeff Rambin
Justice

Date Submitted:     June 27, 2023
Date Decided:       June 28, 2023

---

[1]The potential appellees in this matter, Ellen McConnell and Sue Ellen Strizich, filed a motion seeking an extension of the deadline for filing a response to the petition for a permissive appeal. We deny that motion as moot.

4