In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00260-CV
_____

IN RE CHICAGO TITLE INSURANCE COMPANY

Original Proceeding
58th District Court of Jefferson County, Texas
Trial Cause No. A-193,565-B

MEMORANDUM OPINION

In a petition for a writ of mandamus, Relator Chicago Title Insurance Company ("Chicago Title") asks this Court to compel the trial court to vacate its order denying Chicago Title's motion to dismiss a suit for want of prosecution and to compel the trial court to dismiss the case for want of prosecution. We deny mandamus relief.

Background

In its trial court pleadings, Real Party in Interest Chimney Joint Venture ("Chimney") alleged that in 2010 it made a two million dollar loan to R.C.

1

Hospitality, Inc. ("R.C.") for the purchase of a hotel in Port Arthur, Texas. Chimney alleged Chicago Title acted as escrow agent in the transaction. In 2012, in Trial Cause Number A-193,565, Chimney sued R.C. and others, including American Capital Funding Corporation ("Amcap"), Crown Hospitality, Inc. ("Crown"), and Vikram S. Cheema ("Cheema"). In 2014, Chimney added Chicago Title as a defendant in Trial Cause Number A-193,565. Chimney alleged Chicago Title breached its contract and trust agreement with Chimney by permitting the loan proceeds to be disbursed in contravention of the closing instructions and by failing to timely record a deed of trust to secure Chimney's first-lien position. Chimney alleged R.C., Amcap, Crown and Cheema conspired to use the foreclosure process inequitably to defeat Chimney's lien. Chimney asserted claims of wrongful foreclosure, fraudulent transfer, and conspiracy against the other defendants and sought to recover against R.C. and Cheema on the note and a personal guaranty.

In March 2015, Chicago Title filed a motion to sever Chimney's claims against Chicago Title into a separate case.[1] Chicago Title argued the claims could

---

[1] Chicago Title argues this Court should not consider any documents included in the supplemental appendix that Chimney filed with its response to the mandamus petition, and requests that we strike 295 pages from the appendix because those pages were not part of the trial court record at the time of the hearing on Chicago Title's motion to dismiss. We refer to documents in the supplemental appendix for purposes of explaining the background of the case and the context in which the trial court ruled on the matter before us in this original proceeding, not for the purpose of determining whether the trial court abused its discretion when it denied Chicago Title's motion to dismiss the Severed Case for want of prosecution.

have been brought as a separate suit and the claims against the remaining defendants primarily concerned transactions that occurred after the closing. It argued granting a severance would avoid the prejudicial effect of trying the contract claims against Chicago Title with the fraud claims against the other defendants and a severance would avoid the delay that would necessarily occur because Chicago Title had been recently added to the lawsuit while discovery was mature as to the other defendants. The trial court granted the motion to sever by agreement, severing Chimney's claims against Chicago Title into Cause Number A-193,565-B (the "Severed Case"), but ordering the claims against Chicago Title to be jointly mediated with the claims against the defendant in the main case. Chimney asserted breach of contract and breach of trust claims against Chicago Title in an amended petition filed in the Severed Case, except for an agreed protective order, the appendices filed by Chicago Title and Chimney contain no records of any other activity that occurred in the Severed Case between June 2015 and 2020.

In Trial Cause Number A-193,565 (the "Main Case"), Chimney recovered a judgment against R.C. in January 2015. Chimney recovered a judgment against Crown in March 2016. The trial court signed an agreed dismissal with prejudice of Chimney's claims against Amcap in September 2020, pursuant to a settlement agreement.

3

In addition to the proceedings in the Main Case, Chimney, Amcap, and Fidelity National Title Insurance Company ("Fidelity") filed an involuntary bankruptcy petition against Syed Rizwan Mohiuddin in the United States Bankruptcy Court for the Southern District of Texas in Case Number 15-34752 (the "Bankruptcy Case").[2] In March 2016, the Bankruptcy Trustee asked the judge presiding over Mohuiddin's bankruptcy case to authorize the Trustee to employ a law firm as special counsel to advise the Trustee concerning litigation against Mohiuddin, Cheema, Crown, R.C., the title company agent, and others. The Trustee disclosed that the law firm's customary fees and expenses were to be paid directly by Fidelity. The Bankruptcy Court approved the Trustee's request and authorized the Trustee to employ Special Counsel. In 2019, Chimney filed a proof of claim on an unsecured claim for $5,737,548.94 based on a guaranty of the promissory note by Mohiuddin as a principal of R.C. On December 15, 2021, the Trustee issued a final report, and the final report was filed in the bankruptcy court on January 3, 2022. The report reflects that Chimney had recovered $529,471.11 against its two million dollar loan.

In April 2023, Chimney filed a certificate of Written Discovery in the Severed Case. In June 2023, Chimney filed a notice of a status conference scheduled for July 27, 2023. On July 17, 2023, Chicago Title filed a motion to dismiss the Severed Case

---

[2] According to Chimney, Fidelity is an affiliate of Chicago Title.

for want of prosecution. On the same day, Chicago Title filed a Motion to Show Authority and a notice of hearing for July 27, 2023. Chimney filed a response to the Motion to Show Authority on July 26, 2023.

On July 27, 2023, the trial court signed an order that stated, "ON THIS DAY, the Court considered Defendant Chicago Title Insurance Company's Motion to Dismiss for Want of Prosecution, and after due consideration, the Court is of the opinion that it should be Denied." The mandamus record does not contain a reporter's record of the hearing of July 27, 2023.[3]

---

[3] Relator's appendix includes declarations made under penalty of perjury signed by two of Chimney's lawyers. In one declaration, Chimney's counsel certifies that certain documents contained in the supplemental appendix are true and correct copies of a letter sent to the trial court in 2015, and emails exchanged between lawyers for Chicago Title and Chimney, and between law firm assistants and court staff. In the statement, counsel states that Chicago Title attended the mediation in the Main Case because Fidelity was the title insurer providing the property owner's defense, that after the unsuccessful mediation, counsel for Chicago Title and for Chimney dismissed a plan to resolve the Main Case before turning to the case against Chicago Title, that they jointly pursued the Bankruptcy Case against Mohiuddin to attempt to recoup some of the losses from the bankruptcy estate, and that they discussed continuing to wait for the resolution of the Bankruptcy Case in August 2021. He describes the challenges faced during the pandemic. He states that he requested a status conference and hearing after receiving amended disclosures from Chicago Title and Chicago Title filed its motion to dismiss for want of prosecution about 10 days before the July 27, 2023, hearing. He states he appeared at the status conference and hearing on behalf of Chimney, that he did not request that the hearing be recorded, and that after Chicago Title's attorney presented the motion to dismiss, counsel for Chimney confirmed to the trial court that Chimney intended to prosecute the case, was ready to move the case to trial, and had been seeking a docket control order since May 2022. Chimney's counsel claims he explained the reasons the case had not progressed to trial, including the nature and history of the Main Case, which the trial court was very familiar with, the interrelationship of the Bankruptcy Case

Mandamus Standard

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839 (internal quotations omitted). A trial court also abuses its discretion if it fails to correctly analyze or apply the law, because a trial court has no discretion in determining what the law is or applying it to the facts. *See In re Prudential*, 148 S.W.3d at 135.

"[A] trial court abuses its discretion by refusing to grant a motion to dismiss for want of prosecution in the face of unmitigated and unexplained delay." *In re Conner*, 458 S.W.3d 532, 534 (Tex. 2015) (orig. proceeding). If not sufficiently explained, a delay of an unreasonable duration raises a conclusive presumption of abandonment of the plaintiff's suit. *Id*. Moreover, to deny relief by mandamus

---

and the Main Case, and why it was necessary to resolve them first to ascertain damages for the Severed Case. He also claims Chicago Title did not object to his testimony.

Chicago Title argues this Court cannot consider the declarations because they were not before the trial court when it ruled on the motion to dismiss for want of prosecution.

6

permits the very delay a dismissal for want of prosecution is intended to prevent. *Id*. at 535. Therefore, a trial court's erroneous refusal to dismiss a case for want of prosecution cannot effectively be challenged on appeal and mandamus is available to remedy the abuse of discretion by the trial court. *Id*. Thus, we must determine whether the mandamus record shows that Chimney's delay in prosecuting the Severed Case is unmitigated and unexplained.

## Issue

Chicago Title contends four factors demonstrate that the trial court abused its discretion by denying its motion to dismiss for want of prosecution: (1) Chimney's case has been on file for nine years and eight years have passed since Chimney's action against Chicago Title was severed into a separate cause; (2) there has been no activity in the Severed Case since June 1, 2015; (3) Chimney never requested a trial setting in the Severed Case; and (4) Chimney did not file a response to Chicago Title's motion to dismiss and failed to offer a sufficient explanation or reasonable excuse for the delay in the record. Chicago Title claims that no evidence was presented or adduced "of record" at the hearing.

Chimney disputes Chicago Title's assertion that it never requested a trial setting. According to Chimney, the Main Case was set for trial on December 15, 2014, but a continuance was granted due to the addition of Chicago Title to the case. Chimney argues it did not need to file a written response because counsel appeared

7

at the hearing and explained why the Severed Case remained dormant for years. Chimney argues that, absent a record of the hearing, we must presume that Chimney demonstrated to the trial court that its delay in prosecuting the severed case did not require dismissal.

Rule 165a requires good cause to retain the case on the docket. *See* Tex. R. Civ. P. 165a. The Rule does not explicitly require that testimony and exhibits be admitted into evidence at the hearing. It is not disputed that counsel appeared at the hearing and explained to the trial court why the Severed Case had not proceeded to trial. Chicago Title argues the mandamus record does not establish that Chimney established good cause that is sufficient to prevent a conclusive presumption that the years-long delay requires a dismissal for want of prosecution. As the relator in this mandamus proceeding, it is Chicago Title who bears the burden to supply a sufficient record to demonstrate an abuse of discretion by the trial court. *See* Tex. R. App. P. 52.3(k), 52.7(a)(1)-(2). Chicago Title does not dispute that the trial court held a hearing, nor does it dispute that Chimney's counsel appeared at the hearing and explained why the Severed Case should be retained on the docket. Rather, it argues that under Rule 165a Chimney had the burden to produce evidence showing good cause for its delay in prosecuting the case and, absent a reporter's record of the July 27 hearing, Chimney failed to overcome the conclusive presumption which required dismissal.

8

Chimney had the burden to explain why it had not prosecuted the case within the applicable time standard. *See* Tex. R. Civ. P. 165a. The trial court denied the motion to dismiss after holding a hearing, which necessarily implies that it found that Chimney adequately explained the long delay. Without a record of that explanation, we cannot by mandamus review determine whether the trial court abused its discretion. Accordingly, we deny the petition for a writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on August 21, 2023
Opinion Delivered December 21, 2023

Before Golemon, C.J., Horton and Wright, JJ.

9