**Reversed and Remanded and Memorandum Opinion filed April 23, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00059-CV

---

### ALEXIS RIVERA, Appellant

### V.

### TODD THURKETTLE D/B/A LONE STAR BRICK & STONE, Appellee

---

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1168857**

---

### MEMORANDUM OPINION

Appellant Alexis Rivera ("Rivera") appeals the trial court's order dismissing for want of prosecution his lawsuit against appellee Todd Thurkettle d/b/a Lone Star Brick & Stone ("Lone Star"). In one issue, Rivera argues the trial court abused its discretion when it denied his motion to reinstate the lawsuit. We reverse and remand for further proceedings.

## I. BACKGROUND

On May 5, 2021, Rivera filed a lawsuit against Lone Star seeking to recover for services Rivera provided as a subcontractor for Lone Star in the construction of new homes. The trial court held a status conference on September 30, 2022, and Rivera's counsel failed to appear. The trial court signed an order of dismissal for want of prosecution that same day and canceled trial scheduled for October 3, 2022.

Rivera filed a verified motion to reinstate in which Rivera's counsel stated that the case

> was dismissed for want of prosecution on September 30, 2022 as a result of [appellant's] failure to appear at trial. [Rivera's] failure to appear was neither intentional nor the result of conscious indifference. There was an error in the docketing of the trial date. Therefore, movant did not appear on the scheduled trial date and pretrial conference.

The trial court denied Rivera's motion to reinstate, and this appeal followed.

## II. DISCUSSION

In his sole issue, Rivera argues the trial court erred when it denied his motion to reinstate.

### A. APPLICABLE LAW & STANDARD OF REVIEW

A trial court may dismiss a case for want of prosecution under either Rule 165a of the Texas Rules of Civil Procedure or the trial court's inherent common-law power to dismiss a case when a plaintiff fails to prosecute it with due diligence. *In re Conner*, 458 S.W.3d 532, 534 (Tex. 2015) (orig. proceeding) (per curiam); *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *see also* Tex. R. Civ. P. 165a. Rule 165a provides two grounds for dismissal. A trial court may dismiss a case under Rule 165a(1) on the "failure of

2

any party seeking affirmative relief to appear for any hearing or trial of which the party had notice," or under Rule 165a(2) when a case is "not disposed of within the time standards promulgated by the Supreme Court under its Administrative Rules." Tex. R. Civ. P. 165a; *Villarreal*, 994 S.W.2d at 630.

A motion to reinstate is the only remedy available to a party whose case has been dismissed for want of prosecution. *Id.* at \*2. We review a trial court's denial of a motion to reinstate for an abuse of discretion. *Burlington Ins. V. Just Indus. Servs., LLC*, No. 01-22-00207-CV, 2023 WL 4003298, at \*3 (Tex. App.—Houston [1st Dist.] June 15, 2023, no pet.) (mem. op.). "A trial court abuses its discretion in denying a motion for reinstatement when an attorney's explanation for the failure to appear is reasonable." *Mack v. Ret. Hous. Found.*, 627 S.W.3d 391, 394 (Tex. App.—Houston [14th Dist.] 2021, no pet.).

## B.    ANALYSIS

Here, the trial court dismissed Rivera's lawsuit for lack of prosecution for his failure to appear and prosecute the case at the status conference scheduled before trial. Rivera's verified motion provides a reasonable explanation of his counsel's absence: that counsel did not appear at the pretrial conference and trial date because the trial date was mis-calendared.  Because plaintiff's counsel's failure to appear was not intentional or the result of conscious indifference, but was due to mistake, we conclude the trial court abused its discretion when it denied Rivera's motion to reinstate. *See id.*; *see also, e.g.*, *Quita, Inc. v. Haney*, 810 S.W.2d 469, 470 (Tex. App.—Eastland 1991, no writ) (reversing dismissal where appellant's counsel failed to appear at trial and was attending trial elsewhere because of confusion or mistake regarding the date the case would actually commence trial).

We sustain Rivera's sole issue.

### III. CONCLUSION

We reverse the trial court's order and remand for further proceedings.

/s/    Margaret "Meg" Poissant
        Justice

Panel consists of Justices Hassan, Poissant, and Wilson.