

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00310-CV

**IN RE** Pratik **BHAKTA**, Pareshkumar Bhakta, and Stockdale Inn & Suites LLC

Original Mandamus Proceeding[1]

Opinion by:     Lori Massey Brissette, Justice

Sitting:        Irene Rios, Justice
                Beth Watkins, Justice
                Lori Massey Brissette, Justice

Delivered and Filed: August 7, 2024

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

This mandamus action challenges the trial court's granting of a motion to reinstate after dismissal for want of prosecution. Because we find that the Real Party in Interest failed to offer any justification for failing to prosecute the case for three and a half years, we grant relief.

## Background

This matter originates from a lawsuit filed in 2016. At that time, Real Party in Interest, Sanjiv Chandan, filed a Petition alleging that Relators, Pratik and Pareshkumar Bhakta, mismanaged a hotel investment. That lawsuit sat idle for two years before being placed on the dismissal docket, ultimately leading to Chandan nonsuiting the case.

---

[1] This proceeding arises out of Cause No. 2020-CI-03022, styled *Sanjiv Chandan v. Pratik Bhakta, Pareshkumar Bhakta, and Stockdale Inn & Suites, LLC*, pending in the 225th Judicial District Court, Bexar County, Texas.

Two years after the nonsuit, Chandan refiled the matter in this cause on February 12, 2020. The Bhaktas filed an answer in March of 2020. No additional action was taken by either party until September 2023 when Chandan, now represented by new counsel, filed an amended petition. The Bhaktas then filed a motion to dismiss for want of prosecution. At the hearing on the motion, Chandan made a general assertion blaming the COVID pandemic and his prior counsel's lack of action. Finding these assertions inadequate, Judge Antonia Arteaga granted the motion and signed an order of dismissal on February 4, 2024.

On February 7, 2024, Chandan filed a verified motion to reinstate his lawsuit. A hearing was held on March 14, 2024. Chandan again blamed COVID and his prior counsel's inaction for the three-and-a-half-year delay. Judge John Gabriel granted the motion to reinstate. The Bhaktas filed a petition in this court for mandamus relief.

### Applicability of Mandamus Relief

Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion when the relator has no adequate remedy by appeal. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A trial court abuses its discretion if its ruling is arbitrary, unreasonable, or without regard to guiding rules or principles. *See In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 293–94 (Tex. 2016) (orig. proceeding).

The Texas Supreme Court has held that mandamus relief is appropriate where a trial court fails to dismiss for want of prosecution in the face of "unmitigated and unreasonable delay." *In re Conner*, 458 S.W.3d 532, 535 (Tex. 2015) (orig. proceeding) (per curiam). Such a delay cannot effectively be remedied on appeal since such remedy would allow for the very delay that Texas Rule of Civil Procedure 165a is intended to prevent. *Id*. The court in *In re Conner* recognized the very real danger that, in such circumstances, "a trial court will be hampered by stale evidence and lost or clouded memories." *Id*. (citing *So. Pac. Transp. Co. v. Stoot*, 530 S.W.2d 930, 931 (Tex.

1975) ("[P]ossibilities for error multiply rapidly as time elapses between the original fact and its ultimate determination.")).

Texas Rule of Civil Procedure 165a(3) states the court shall reinstate a case if "the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or . . . the failure has been otherwise reasonably explained." TEX. R. CIV. P. 165a(3). To negate intent or conscious indifference, there must be adequate justification for the delay. *See Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1996) (citing *Bank One, Tex., NA v. Moody*, 830 S.W.2d 81, 84 (Tex. 1992)). At the very least, adequate justification requires a reasonable explanation. *See In re Conner*, 458 S.W.3d at 535; TEX. R. CIV. P. 165a(3).

Where there is a lack of adequate justification, a "conclusive presumption of abandonment" is raised. *In re Conner*, 458 S.W.3d at 534. "[A] trial court abuses its discretion when it disregards the conclusive presumption of abandonment and does not dismiss the case for want of prosecution." *Cotton v. Briley*, 517 S.W.3d 177, 183 (Tex. App.—Texarkana 2017, no pet.) (citing *In re Conner*, 458 S.W.3d at 535). The same is true when a trial court reinstates after a dismissal without evidence that overcomes a presumption of abandonment that existed at the time of dismissal.

## Analysis

Here, the Real Party in Interest offered a sworn motion to reinstate, verified by the new attorney, but did not offer his own testimony (affidavit or live) or any other proof beyond the sworn motion. The facts set forth in the motion simply prove that the client hired an attorney, did not believe he needed to "babysit" a licensed attorney, and did not know the case was not being prosecuted by his attorney. Notably, no evidence was presented of any action on the part of the client to inquire regarding the status of the case for three and a half years. This is particularly egregious given that 1) this is the second filing, and 2) the first filing, likewise, sat idle for two

years before being nonsuited. Further, there is no evidence that the client had any reason to believe that the case was, in fact, proceeding.

### Effect of Verified Motion to Reinstate

We must accept as true all facts set forth in Chandan's sworn motion, as they were left wholly uncontroverted. *Kahanek v. Rogers*, 900 S.W.2d 131, 133 (Tex. App.—San Antonio 1995, no writ) (citing *Garza v. Serrato*, 699 S.W.2d 275, 281 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.)). Thus, the question becomes whether the facts as set forth in the sworn motion are enough to negate the presumption of abandonment that existed at the time of dismissal, i.e., to adequately justify the delay in this case. *See In re Conner*, 458 S.W.3d at 535.

The trial court in this case stated that it did not believe Chandan was at fault for the delay, and it laid blame at the feet of the client's attorney: "I just feel like the plaintiff had no involvement in this …. I just hate to blame the plaintiff because he wasn't involved in this." But Texas courts are clear that clients "cannot rely upon failure on the part of [their] chosen attorney . . . as an excuse for lack of diligence, because the acts of one's attorney is imputed to the client." *Cotten*, 517 S.W.3d 177 at 183 (quoting *Weaver v. E–Z Mart Stores, Inc.*, 942 S.W.2d 167, 170 (Tex. App.—Texarkana 1997, no writ)); *see also Petro-Chem. Transp., Inc. v. Carroll*, 514 S.W.2d 240, 246 (Tex. 1974); *Gracey v. West*, 422 S.W.2d 913, 916 (Tex. 1968). Here, upon imputing the attorney's failure to the client, the question becomes whether the client took any further action or can otherwise justify a delay of three and a half years. In the absence of any such evidence or explanation, the trial court lacked discretion to reinstate the case.

In addition, because the Texas Supreme Court has recognized that such an "unmitigated and unreasonable delay" cannot effectively be remedied on appeal without causing the very delay Rule 165a is intended to prevent, we conclude Relators lack an adequate remedy on appeal. *In re Conner*, 458 S.W.3d at 535.

Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to, within fifteen days of this order, vacate its order of reinstatement and to dismiss the suit for want of prosecution. We are confident the trial court will promptly comply, and our writ will issue only if it does not.

Lori Massey Brissette, Justice