

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00025-CR

IN RE MATTHEW FLOWERS, RELATOR

ORIGINAL PROCEEDING

January 17, 2025

**Before, QUINN, C.J., and PARKER and DOSS, JJ.**

Pending before the Court is the pro se petition for writ of mandamus filed by relator, Matthew Lee Flowers. Through it, he seeks a writ of mandamus directing the Honorable Steven Emmert, presiding judge of the 31st District Court, to rule on relator's Petition for Expunction. We deny the petition.

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.,* 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.).

The record before us shows that relator petitioned for expunction on June 7, 2024. The trial court scheduled a hearing to be held on December 23, 2024. On January 13, 2025, relator filed this petition for writ of mandamus directing Judge Emmert to rule on his Petition for Expunction.

A reasonable time for ruling on relator's Petition for Expunction has not passed. "Trial courts are generally granted considerable discretion when it comes to managing their dockets." *In re Conner*, 458 S.W.3d 532, 534 (Tex. 2015). A trial court has a reasonable time to perform its ministerial duty of considering and ruling on a motion. *In re Smith*, No. 07-19-00402-CV, 2020 Tex. App. LEXIS 775, at *2 (Tex. App.—Amarillo Jan. 28, 2020, orig. proceeding). Whether the trial court has had a reasonable time within which to rule depends on the circumstances of each case, and "no bright-line demarcates the boundaries of a reasonable time period." *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). The scope depends on several factors, including the court's overt refusal to act on the motion, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *Id.* at 228-29.

It has been a mere three-and-a-half weeks since the trial court's scheduled hearing, during which many court actions may have been halted due to the holidays. Respondent has not had a reasonable time within which to consider and rule on the Petition for Expunction. Further, relator's petition is deficient in most of the mandatory requirements of Rule 52.3. *See In re Smith*, 2020 Tex. App. LEXIS 775, at *2 (denying petition for writ of mandamus for failure to comply with requirements of Rule 52).

2

Relator's petition for a writ of mandamus is denied. The Clerk of this Court is directed to serve Judge Emmert with a copy of this order and the petition for writ of mandamus in a manner affording Judge Emmert actual notice of same.


Brian Quinn
Chief Justice


Do not publish.