In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00072-CV
_____

IN RE CHARLES CURTIS NOWELL JR., MEDIQ-PRN LIFE SUPPORT
SERVICES, INC., HILLENBRAND INDUSTRIES, HILL-ROM
HOLDINGS, INC., and HILL-ROM COMPANY, INC.

Original Proceeding
60th District Court of Jefferson County, Texas
Trial Cause No. B-185,832

OPINION

In this mandamus proceeding filed by Charles Curtis Nowell, Jr., Mediq-PRN

Life Support Services, Inc., Hillenbrand Industries, Hill-Rom Holdings, Inc., and

Hill-Rom Company, Inc., Relators, we must decide whether the trial court clearly

abused its discretion by denying a motion to dismiss for want of prosecution when

that motion was filed after the trial court set the case for disposition on the trial

docket. We conclude Relators have not established that the trial court committed a

clear abuse of discretion for which Relators lack an adequate remedy by appeal. *See*

1

*In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Accordingly, we deny the petition for a writ of mandamus.

## Background

Martha Henson sued Relators for personal injuries that Henson sustained in a January 29, 2008, motor vehicle accident. Relators filed their original answer in February 2010.[1] Henson's July 2010 supplemental response to requests for disclosure identified medical expenses of $22,363.13 and lost wages of $1,573.80. In August 2010, Relators took Henson's deposition and she supplemented her disclosures to increase her medical expenses to $22,431.13. Henson obtained medical records dated as of March 10, 2010, and she received additional medical records in July 2010.

In January 2017, a newly elected trial judge assumed responsibility for the court. After Relators' telephone inquiry regarding the status of the case, the trial court set the case on the trial docket for April 2018. In January 2018, Henson disclosed additional medical records that had been obtained between 2008 and 2011. At that time, Henson designated her expert witnesses.

---

[1] An affidavit attached to the answer includes statements that Hill-Rom Holdings, Inc. was formerly known as Hillenbrand Industries, Inc., that Mediq-PRN Life Support Services, LLC is a subsidiary of Hill-Rom Company, Inc., the employer of Charles Curtis Nowell Jr., and Hill-Rom Company, Inc. is a subsidiary of Hill-Rom Holdings, Inc.

On January 23, 2018, Relators filed a motion to dismiss for want of prosecution and alternatively, for a continuance. Counsel for Relators informed the trial court that the case had never been on the trial docket. In the hearing on the motion to dismiss for want of prosecution, Henson's counsel explained that he joined the law firm after the case was filed, but he was unaware of the case until it appeared on the docket.[2] Upon receiving notice of the trial setting from the court, he immediately provided the medical records affidavits and designated experts. Henson's counsel added that he was unaware that the case had ever appeared on a dismissal docket before that day, and he announced that they were ready to try the case in February. The trial court denied the motion to dismiss but granted the motion for continuance and allowed Henson to be re-deposed. On February 1, 2018, the trial court signed an order denying the motion to dismiss for want of prosecution and set the case for a July 2018 trial.

## Mandamus Review

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36. A trial court abuses its discretion if it fails to analyze or apply the

---

[2] Henson's original counsel of record did not appear at the hearing, but instead, an associate not employed with the law firm at the time of filing appeared and explained the delay.

law correctly because a trial court has no discretion in determining what the law is or applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). "The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments." *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). "In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss." *Id.* "These considerations implicate both public and private interests." *Prudential*, 148 S.W.3d at 136. We consider whether an irreversible waste of judicial and public resources would be required if mandamus does not issue. *In re Masonite Corp*, 997 S.W.2d 194, 198 (Tex. 1999).

## Dismissal for Want of Prosecution

Trial courts are generally granted considerable discretion when it comes to managing their dockets. Such discretion, however, is not absolute. It has long been the case that "a delay of an unreasonable duration . . . , if not sufficiently explained, will raise a conclusive presumption of abandonment of the plaintiff's suit." *In re Conner*, 458 S.W.3d 532, 534 (Tex. 2015) (quoting *Callahan v. Staples*, 161 S.W.2d 489, 491 (Tex. 1942)). "This presumption justifies the dismissal of a suit under either a court's inherent authority or Rule 165a of the Texas Rules of Civil Procedure." *Id.*

(citing *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999) (recognizing both common law source of power and rule based source of power)).

The Rules of Judicial Administration provide that district and statutory county court judges "should, so far as reasonably possible, ensure" that civil cases in which a jury has been demanded, other than those arising under the Family Code, are brought to trial or final disposition within eighteen months of the appearance date. Tex. R. Jud. Admin. 6.1(b). Henson failed to prosecute her case to conclusion within the eighteen-month administrative time standard. *See Id*.

"Absent any reasonable explanation for the delay, the trial court clearly abuse[s] its discretion by disregarding the conclusive presumption of abandonment." *In re Conner*, 458 S.W.3d at 535. Relators argue Henson failed to provide good cause for the delay. Relying upon *In re Conner*, Relators argue a conclusive presumption that Henson abandoned her case operates to require the trial court to grant their motion to dismiss the case for want of prosecution.

In this case, Henson's counsel appeared and explained why the case had not been prosecuted. The trial court evidently determined that counsel sufficiently explained why the case had not gone to trial sooner and concluded that Henson had not abandoned her case.

5

The differences between the facts of this case and the situation presented in *Conner* are sufficient for the trial court to reasonably conclude that Henson established good cause to retain the case on the docket. The cases are similar in that the suit commenced near the end of the limitations period and remained on the docket for a period of time well exceeding the administrative time standards. *See id.* at 534. But, in *Conner* the plaintiffs had failed to respond to discovery for four years when the defendant filed its first motion to dismiss the case for want of prosecution. *Id.* The trial court retained the case on the docket after plaintiffs' counsel attributed the delay to his health issues. *Id.* The plaintiffs then did nothing further to pursue their case for another two years. *Id.* The defendant filed a second motion to dismiss for want of prosecution. *Id.* At the hearing on the second motion, the defendant refuted counsel's explanation offered for the delay by showing that plaintiffs' counsel had appeared in many different matters in the prior two years. *Id.*

In this case, Henson submitted to a deposition and obtained her medical records, and there is no indication that she failed to respond to requests for discovery. Sufficient facts were before the trial court to enable the trial court to conclude that the delay was not attributable to conscious indifference but that the lawsuit had not proceeded to trial because both the trial court and plaintiff's counsel had inadvertently lost track of the case. The case was set on the trial docket for the first

time in January 2018. Henson designated her witnesses and provided her medical records to Relators before Relators filed a motion to dismiss the case for want of prosecution. Relators have not shown that the trial court clearly abused its discretion. The petition for a writ of mandamus is denied.

PETITION DENIED.

_____
CHARLES KREGER
Justice

Submitted on March 8, 2018
Opinion Delivered April 5, 2018

Before Kreger, Horton, and Johnson, JJ.

DISSENTING OPINION

In this case, the majority holds that the trial court could have reasonably accepted the explanation offered by the attorney who appeared on behalf of Martha Henson at a motion to dismiss hearing to explain the approximate eight-year period between the date the defendants appeared in response to Henson's suit and the date the trial court denied the defendants' motion to dismiss.

The Rules of Judicial Administration that applied to Henson's case required that her case be finally resolved within an eighteen-month period, which started in February 2010. Tex. R. Jud. Admin. 6.1(b)(1). The "attorney in charge"[1] of Henson's case never appeared during the hearing the trial court conducted on the defendants' motion to dismiss, and the record contains no affidavit or correspondence from Henson's attorney in charge to explain why the delays in Henson's case occurred.

The explanation that appears in the record came from an associate of the attorney in charge. The record does not show that the associate was ever the "attorney in charge" of Henson's case. And, during the hearing, the associate advised the trial court that he had not "even made an appearance in the case until today[.]" The associate also advised the trial court that "if I would have known about it sooner,

---

[1] Rule 8 of the Texas Rules of Civil Procedure makes the "attorney in charge . . . responsible for the suit as to such party." Tex. R. Civ. P. 8.

1

realized it, there would have been more done." Then, the associate explained that because he did not know about the case, "that's why there isn't any more done than there is."

This explanation is apparently what both the trial court and the majority accept as constituting a reasonable explanation for the attorney in charge of Henson's case to bring the case to a conclusion within eighteen months of the date the defendants appeared in the suit. *See id*. In my opinion, the explanation offered by the associate served as no explanation for the significant delays apparent in the record. The associate obviously had very little if any knowledge about the history of Henson's file, and it is apparent that he was unaware of the file until the attorney in charge recognized that he had not handled Henson's suit in a timely manner.

In my opinion, *In re Conner*, 458 S.W.3d 532 (Tex. 2015) controls our disposition of this original proceeding. No reasonable explanation appears explaining why Henson's suit was not handled within the eighteen-month time period established by the Rules of Judicial Administration. *See* Tex. R. Jud. Admin. 6.1(b)(1). "Absent any reasonable explanation for the delay, the trial court clearly abused its discretion by disregarding the conclusive presumption of abandonment." *Conner*, 458 S.W.3d at 535.

I would conditionally grant the Relators' petition for writ of mandamus and direct the trial court to vacate its order denying the Relators' motion to dismiss and to render an order dismissing the suit. "A defendant should not be required to incur the delay and expense of appeal to complain of delay in the trial court." *Id.* Because the majority fails to grant the Relators' request for relief, I dissent.

                                                 _____

                                                 HOLLIS HORTON
                                                   Justice

Dissent Delivered
April 5, 2018