

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00086-CV

IN RE BRENDA GAIL SUTTON LEVETZ

Original Mandamus Proceeding
.

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Brenda Gail Sutton Levetz has filed a petition for writ of mandamus complaining of the trial court's decision to retain the case on its docket following a motion filed by real party in interest, Thomas Michael Sutton. Specifically, Levetz asks this Court to vacate the retention order entered by the County Court at Law of Bowie County, and either (1) mandate that the trial court dismiss the case for want of prosecution, or, in the alternative, (2) require the trial court to hold an evidentiary hearing on Sutton's motion to retain the case on the docket. We conditionally grant Levetz' petition for writ of mandamus and order the trial court to vacate its prior retention order. Due to the unique circumstances of this case, pursuant to Levetz' request, we order the trial court to hold an evidentiary hearing on the issue of good cause in a manner consistent with this opinion.

"Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law." *In re Good Shepherd Hosp., Inc.*, 572 S.W.3d 315, 319 (Tex. App.—Texarkana 2019, orig. proceeding) (citing *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding)).

An abuse of discretion occurs when a trial court "reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id.* (quoting *Walker*, 827 S.W.2d at 839). In determining whether an abuse of discretion occurred, we may not substitute our judgment for the trial court's determination. *In re Coats*, 580 S.W.3d 431, 439 (Tex. App.—Texarkana 2019, orig. proceeding) (quoting *In re State Farm Lloyds*, 520 S.W.3d 595, 604 (Tex. 2017) (orig. proceeding)). Mandamus relief is available only when "the trial court could have

reached only one conclusion." *Id.* (quoting *State Farm Lloyds*, 520 S.W.3d at 604). "Absent an extraordinary circumstance, 'a denial of a motion to dismiss . . . is a ruling incident to the ordinary trial process which will not be corrected by mandamus, but by the legal remedy of the ordinary appellate process.'" *In re Crawford*, 560 S.W.3d 357, 363 (Tex. App.—Texarkana 2018, orig. proceeding) (quoting *Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 59 (Tex. 1991) (orig. proceeding)). However, an abuse of discretion occurs in the refusal "to grant a motion to dismiss for want of prosecution in the face of unmitigated and unexplained delay." *In re Conner*, 458 S.W.3d 532, 534–35 (Tex. 2015) (per curiam) (orig. proceeding) (granting petition for writ of mandamus directing the trial court to vacate its order denying a motion to dismiss for want of prosecution where there was no good cause for the plaintiff's "unmitigated and unexplained" "nearly decade-long delay").

In addition to showing that the trial court had no option but to have performed the act urged by the relator, the relator must also have no adequate remedy at law. *Crawford*, 560 S.W.3d at 363. "The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments." *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). "In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss." *In re Nowell*, 548 S.W.3d 104, 106 (Tex. App.—Beaumont 2018, orig. proceeding) (quoting *Team Rocket*, 256 S.W.3d at 262). "These considerations implicate both public and private interests." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). We consider whether an "irreversible waste of judicial and public resources . . . would be required here if

3

mandamus does not issue." *In re State*, 355 S.W.3d 611, 615 (Tex. 2011) (orig. proceeding) (citing *In re Masonite Corp.*, 997 S.W.2d 194, 198 (Tex. 1999) (orig. proceeding)).

"A plaintiff has a duty to 'prosecut[e] the suit to a conclusion with reasonable diligence,' failing which a trial court may dismiss for want of prosecution." *Conner*, 458 S.W.3d at 534 (quoting *Callahan v. Staples*, 161 S.W.2d 489, 491 (1942)). "A trial court may dismiss a suit for want of prosecution either under its inherent power or pursuant to Rule 165a of the Texas Rules of Civil Procedure." *Crawford*, 560 S.W.3d at 364 (citing *Conner*, 458 S.W.3d at 534) (per curiam) (orig. proceeding)). Under Rule 165a(2) of the Texas Rules of Civil Procedure, dismissal is proper when a case is "not disposed of within the time standards promulgated by the Supreme Court" under the Administrative Rules. *Id.* (quoting *Conner*, 458 S.W.3d at 534) (quoting Tex. R. Civ. P. 165a(2)).

"Trial courts are generally granted considerable discretion when it comes to managing their dockets. Such discretion, however, is not absolute." *Id.* (quoting *Conner*, 458 S.W.3d at 534). Rule 6.1 of the Texas Rules of Judicial Administration directs that district and statutory county court judges "should, so far as reasonably possible, ensure that all [civil cases other than family law] cases are brought to trial or final disposition" within eighteen months from an appearance date in jury cases and twelve months from an appearance date in nonjury cases.[1] *Id.* at 365 (quoting Tex. R. Jud. Admin. 6.1.) "[D]ismissal for want of prosecution may be obtained by motion of the trial court or on motion of any party to the suit." *In re Bordelon*, 578 S.W.3d 197, 201 (Tex.

---

[1]The record shows that, while Sutton filed a jury demand in Collin County district court in 2014 and that demand was filed in the trial court, a jury demand requesting a Bowie County jury is not in our mandamus record.

4

App.—Tyler 2019, orig. proceeding) (quoting *Dueitt v. Arrowhead Lakes Prop. Owners, Inc.*, 180 S.W.3d 733, 738 (Tex. App.—Waco 2005, pet. denied)); *see Oliphant Fin. L.L.C. v. Hill*, 310 S.W.3d 76, 77 (Tex. App.—El Paso 2010, pet. denied) (citing TEX. R. CIV. P. 165a(1)–(2); *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999)).

On its own motion, the trial court issued a notice of dismissal for want of prosecution in July 2019 and set the matter for a hearing August 19. The notice stated,

> The Court, under either its inherent authority to dismiss a case for want of prosecution where the parties fail to diligently prosecute the action, or under the provisions of Rule 165a, [Texas Rules of Civil Procedure], will dismiss the case for want of prosecution at this time unless an attorney or pro se party appears in person and shows good cause for maintaining the case on the docket.

Before the hearing, Levetz filed an opposition to Sutton's motion to retain the case and moved for dismissal under Rule 165a(2).

"Under both Rule 165a and the trial court's inherent power, a conclusive presumption of abandonment of a plaintiff's suit is raised when there is a delay in prosecuting the suit of an unreasonable duration, unless sufficiently explained." *Crawford*, 560 S.W.3d at 364 (citing *Conner*, 458 S.W.3d at 534). As we said in *Crawford*, when a "case has been pending well in excess of the stated timelines," the conclusive presumption of abandonment applies, triggering a required reasonable explanation for delay, failing which an abuse of discretion occurs when the case is not dismissed. *Id.* at 365; *see Bordelon*, 578 S.W.3d at 201 (citing TEX. R. JUD. ADMIN. 6.1(a)(1)). "Consequently, the party opposing the dismissal has the burden to produce evidence at the hearing showing good cause for its delay in prosecuting the case." *Crawford*, 560 S.W.3d at

5

364. Unless a reasonable explanation for the delay is provided, an abuse of discretion occurs if the suit is not dismissed. *Id.* (citing *Conner*, 458 S.W.3d at 535).

Because the case had been pending in excess of the timeline in Rule 6.1, the conclusive presumption of abandonment applied. Therefore, Sutton was required to show good cause for his delay in prosecuting the case. As further explained below, the record shows that no evidence of good cause was provided. To further inform our review of this case, we address the following four factors on mandamus that a "trial court generally will consider . . . in deciding whether to dismiss a case for want of prosecution: (1) the length of time the case has been on file; (2) the extent of activity in the case; (3) whether a trial setting was requested; and (4) the existence of reasonable excuses for the delay." *In re Ford Motor Co.*, No. 13-19-00083-CV, 2019 WL 1440574, at *1 (Tex. App.—Corpus Christi Apr. 1, 2019, orig. proceeding) (mem. op.) (citing *Najera v. Martinez*, 557 S.W.3d 846, 850 (Tex. App.—El Paso 2018, no pet.); *Henderson v. Blalock*, 465 S.W.3d 318, 321–22 (Tex. App.—Houston [14th Dist.] 2015, no pet.)); *see In re Trane U.S. Inc.*, No. 13-18-00008-CV, 2018 WL 1192712, at *6 (Tex. App.—Corpus Christi Mar. 6, 2018, orig. proceeding); (mem. op.); *Dobroslavic v. Bexar Appraisal Dist.*, 397 S.W.3d 725, 729 (Tex. App.—San Antonio 2012, pet. denied); *WMC Mortg. Corp. v. Starkey*, 200 S.W.3d 749, 752 (Tex. App.—Dallas 2006, pet. denied). "No single factor is dispositive." *Ford Motor Co.*, 2019 WL 1440574, at *1. Both the lack of a showing of good cause and the application of the four factors leads us to conclude mandamus relief is appropriate.

As to the first factor, the factual and procedural background of this case establishes that it has been pending for an inordinate amount of time. In 2009, Sutton filed suit against Levetz in the

401st Judicial District Court of Collin County (Collin County Court), Texas, for tortious interference, fraud, and breach of fiduciary duty after his father's will left a disproportionate amount of his estate to Levetz. *Levetz v. Sutton*, 404 S.W.3d 798, 801 (Tex. App.—Dallas 2013, pet. denied). Although Levetz filed a motion for transfer of venue to Bowie County, the parties signed a mediated settlement agreement (MSA) on February 26, 2010. *Id.* Four months later, Levetz filed a motion to set aside the MSA arguing that she lacked capacity to sign the MSA as a result of fibromyalgia-triggered cognitive issues, medication, and sleep deprivation. *Id.* Sutton amended his petition to include claims for breach of the MSA and promissory estoppel and filed a motion to enforce the MSA. *Id.* After a bench trial, the Collin County Court found Levetz had the capacity to sign the MSA and granted Sutton's motion to enforce it. The Collin County Court entered final judgment on all claims except for Sutton's breach of contract claim, which it severed and transferred to Bowie County. *Id.* The trial court overruled Levetz' motion for new trial, but, on Sutton's motion, granted a request for declaratory judgment regarding the enforceability of the MSA. *Id.* at 802. Levetz appealed.

In a 2013 opinion, the Dallas Court of Appeals found that the severance of the breach of contract claim and transfer to Bowie County were improper and that "there was no evidence in the record that Levetz breached the MSA or that Sutton was otherwise entitled to specific performance." *Id.* at 803–04, 806. The Dallas Court of Appeals remanded the case to the Collin County Court to determine whether the case should have been transferred to Bowie County. *Id.* at 806. In July, 2014, the Collin County Court entered an order transferring the case to the County Court at Law of Bowie County.

7

The transfer was received by the trial court on August 21, 2014. The trial court's docket shows that the parties actively engaged in discovery through 2015, Levetz' counsel withdrew in 2016, Levetz filed a motion for partial summary judgment in February 2017, and Levetz' motion was heard in May 2017. The docket shows that Levetz challenged the trial court's jurisdiction, and Sutton filed briefs in support of the trial court's jurisdiction in June 2017. Thereafter, there was no activity in the case until the Bowie County District clerk issued a notice of dismissal for want of prosecution in July 2019 and set the matter for a hearing on August 19.

Four days before the hearing, Sutton filed a motion to retain the case on the docket stating only, "Plaintiff desires to pursue this case and represents that a disposition of the same will occur in a reasonable length of time," and "Plaintiff maintains that good cause exists for retaining the matter on the Court's docket." No explanation for the delay or lack of diligence in prosecuting the case since June 21, 2017 was provided. Nevertheless, the trial court entered an order retaining the case on August 16, 2019, after a finding of good cause without explanation. The trial court's order was file-stamped at 4:05 p.m., and Levetz' opposition to Sutton's retention motion, which requested that the case be dismissed, was file-stamped five minutes later.

After entering its August 16 order, the trial court held a hearing on the dismissal for want of prosecution, in which Levetz asserted her motion to dismiss the case. Neither Sutton nor his counsel appeared at the hearing.[2] As a result, no evidence showing good cause was presented to the trial judge, who simply said, "Typically, if somebody wants to retain it, I typically retain it at least once." To date, the matter has not been set for final disposition.

---

[2]The trial court opined that Sutton may not have appeared as a result of the August 16 order.

8

In analyzing the first of the four factors, we are guided by our precedent in *Crawford*, in which we conditionally granted a petition for writ of mandamus directing the trial court to vacate its order denying Crawford's motion to dismiss for want of prosecution. There, Teresa Rae Turner filed suit against Crawford in 2003 in the County Court at Law in Hopkins County for injuries arising out of an automobile collision. *Crawford*, 560 S.W.3d at 359. The parties engaged in active discovery, and, in July 2009, Crawford filed a no-evidence motion for summary judgment, which was denied in December 2011. *Id.* at 360–61. Trial was set for September 2012, but, as a result of damages exceeding the permitted amount in controversy, the lawsuit was dismissed for want of jurisdiction in September 2015, without prejudice. *Id.* at 361–62. In November 2015, Turner re-filed her lawsuit in the 62nd Judicial District Court of Hopkins County. *Id.* at 362. Ten months later, Crawford filed another no-evidence motion for summary judgment. In October 2017, Crawford's attorney withdrew, and, in February 2018, new counsel filed an amended motion for no evidence summary judgment along with a motion to dismiss the case pursuant to Rule 165a.

We rejected the district court's reasoning in retaining the case on its docket, that is, that it had been pending only three years in the district court. *Id.* at 366. In concluding that the length of time the case had been on file was inordinate, we tallied not only the three years since the date Turner filed suit in the district court, but also the ten years the suit was pending in the county court at law, because the claims arose from an incident occurring in 2003. *Id.* at 366 ("A defendant should not be required to incur the delay and expense of appeal to complain of delay in the trial court. To deny mandamus relief permits the very delay dismissal is intended to prevent. In addition, the danger that a trial will be hampered by stale evidence and lost or clouded memories

9

is particularly distinct after the delay of this case.") (quoting *Conner*, 458 S.W.3d at 535). The claims in this case arose, at the latest, in 2010 after the alleged breach of the MSA. The case was transferred to the trial court in 2014, and the claims asserted have been pending since that time without a trial date.[3] Thus, the length of time the case has been on file could not have been weighed in Sutton's favor.

Here, the next two factors—the extent of activity in the case and whether trial was requested—could not have supported a finding of a lack of diligence, without more. The record establishes that there was no activity by Sutton for two years before the notice of dismissal. While Sutton points to diligence before the two-year period, this "does not excuse the subsequent lack of diligence demonstrated by the record." *See Bordelon*, 578 S.W.3d at 201. The record also establishes that, as of the date of the dismissal hearing, no trial date was being contemplated.[4]

---

[3]Sutton argues that a two-year period of inactivity is not unreasonable. However, that period established the conclusive presumption of abandonment. Moreover, "[t]o decide whether a case has been prosecuted with diligence, trial courts consider the entire history of the case." *Ford Motor Co*., 2019 WL 1440574, at *1; *see Price v. E. Tex. H.S.I., Inc.*, No. 12-18-00273-CV, 2019 WL 4296530, at *2, *4 (Tex. App.—Tyler Sept. 11, 2019, no pet. h.) (holding that a trial court did not abuse its discretion in granting a motion to dismiss for want of prosecution even where the record showed the court held a summary judgment hearing the month before dismissal was granted); *Trane U.S. Inc.*, 2018 WL 1192712, at *6 ("To decide the diligence issue, trial courts consider the entire history of the case…. The central issue is whether the plaintiff exercised due diligence in prosecuting the case, and we review the entire record to determine whether the trial court abused its discretion.); *Crawford*, 560 S.W.3d at 365 (showing there was a delay of less than one year since no-evidence summary judgment activity); *Henderson*, 465 S.W.3d at 322 (upholding a trial court's dismissal for want of prosecution when the case "had been pending on the trial court's docket with no apparent activity for over three years and five months").

[4]In support of his argument that the delay is not unreasonable, Sutton cites *In re Nowell*, 548 S.W.3d 104, 105 (Tex. App.—Beaumont 2018, orig. proceeding). There, our sister court denied a petition for writ of mandamus following the trial court's denial of a motion to dismiss a case after it was set on the trial docket. *Id. Nowell* reasoned that, although nothing had been done in the case since 2011, a new judge took the bench in January 2017 and set it on the trial docket for April 2018, additional discovery was disclosed in January 2018, and the motion to dismiss it was filed that month, after the case had already been set. *Id.* at 105–06. *Nowell*, which reiterated that the benefits of the mandamus remedy should be outweighed by the detriments, is easily distinguishable since here there was no activity two years before the notice of dismissal and there is no trial date in sight.

10

Last, the existence of reasonable excuses for the delay should have been considered. Here, at the time the case was retained, it was based on only Sutton's formulaic, unverified motion to retain the case stating only that "Plaintiff desires to pursue this case and represents that a disposition of the same will occur in a reasonable length of time," and "Plaintiff maintains that good cause exists for retaining the matter on the Court's docket." Neither statement was sufficient to rebut the conclusive presumption of abandonment. A claim that a party wished to pursue a case and has no intention to abandon it is insignificant since intent to abandon is not the test when determining whether to dismiss a case for want of prosecution. *See Price*, 2019 WL 4296530, at *3; *State v. Forty-Two (42) Gambling Devices*, No. 07-09-00383-CV, 2011 WL 846873, at *2 (Tex. App.—Amarillo Mar. 11, 2011, no pet.) (mem. op.). Likewise, a conclusory statement that good cause exists to retain a case does not meet the plaintiff's burden. *See Brown v. RK Hall Constr., LTD.*, 500 S.W.3d 509, 513 (Tex. App.—Texarkana 2016, pet. denied).

The notice of dismissal required Sutton to bear the "burden to produce evidence . . . showing good cause for its delay in prosecuting the case." [5] *See Crawford*, 560 S.W.3d at 364. Under the notice, Sutton was required to "appear[] in person and show[] good cause for maintaining the case on the docket." Sutton made no such showing below.[6] As in *Crawford*, there

---

[5] Sutton attempts to distinguish *Conner* and *Crawford* by arguing that "Levetz never filed a motion to dismiss." However, the trial court's notice required Sutton to make a showing of good cause in order to retain the case on the docket, and whether a notice of dismissal is sent or a motion for dismissal is filed, the good-cause standard remains the same. *See Conner*, 458 S.W.3d at 535; *Steward v. Colonial Cas. Ins. Co.*, 143 S.W.3d 161, 164 (Tex. App.—Waco 2004, no pet.) (notice of dismissal requires a party to make a showing of good cause); *see also Dobroslavic v. Bexar Appraisal Dist.*, 397 S.W.3d 725, 728 (Tex. App.—San Antonio 2012, pet. denied). Moreover, Levetz' moved to dismiss the case in opposition to Sutton's motion to retain the case and urged the motion at the dismissal hearing, which was never cancelled.

[6] On appeal, he argues that good cause existed to retain the case on the docket because motions were pending before the court. This argument was not presented below. Also, these motions have been pending for over two years. The

11

were no findings made regarding Sutton's "reasonable explanation for the delay," and we find none in the record.[7] *See id.* at 365. Instead, we find that the two-year period of inactivity before the notice of dismissal is not sufficiently explained. *See Bordelon*, 578 S.W.3d at 201 (citing *Nichols v. Sedalco Constr. Servs.*, 228 S.W.3d 341, 343 (Tex. App.—Waco 2007, pet. denied)). Accordingly, Sutton failed to meet his burden of showing good cause. Without a reasonable explanation for the delay, an abuse of discretion occurred, given the conclusive presumption of abandonment. *See Crawford*, 560 S.W.3d at 364 (quoting *Conner*, 458 S.W.3d at 535).

We conclude that Levetz has established her entitlement to mandamus relief. Accordingly, we vacate the trial court's order retaining the case on the docket. However, we choose to employ Levetz' request to require the trial judge to hold an evidentiary hearing on Sutton's motion to retain the case on the docket based on the unique facts of this case.

In *Conner*, the Texas Supreme Court wrote:

> Under Rule 165a, there are two grounds for dismissal for want of prosecution. One is when a "party seeking affirmative relief [fails] to appear for any hearing or trial of which the party had notice." TEX. R. CIV. P. 165a(1). In such cases, "[a] court shall dismiss ... unless there is good cause for the case to be maintained on the docket." *Id.* The other is when a case is "not disposed of within [the] time standards promulgated by the Supreme Court." TEX. R. CIV. P. 165a(2). And while Rule 165a(2) does not refer to Rule 165a(1)'s procedural requirements, including notice and a hearing, neither does it suggest a basis for deviating from those procedures.

---

last filing by Sutton was a brief in support of the trial court's jurisdiction following Levetz' challenge in her motion for partial summary judgment. To the extent Sutton relies on pending rulings based on his brief in support of the court's jurisdiction, nothing shows that brief was actually presented to the trial court, and failure to bring issues to the trial court's attention demonstrates a lack of diligence. *See Johnson v. Livingston Diagnostic Clinic*, No. 09-07-043CV, 2008 WL 1970898, at *2 (Tex. App.—Beaumont May 8, 2008, no pet.) (mem. op).

[7]In fact, the record shows that the trial court decided to retain the case simply based on Sutton's request.

12

*Conner*, 458 S.W.3d at 535.  Because the procedural requirements of Rule 165a(1) apply to Rule 165a(2), we believe that ordering the trial court to dismiss the case would be improper here.

The notice warned Sutton that he was required to appear in person at a hearing to show cause why the case should not be dismissed for want of prosecution.  Yet, without any such hearing, an order retaining the case was issued the day after Sutton filed his motion to retain the case on the docket.  Levetz filed her opposition to Sutton's motion to retain the case five minutes later and requested dismissal of the case.  The dismissal hearing was never cancelled, but Sutton failed to appear.  The trial court opined that the failure to appear was most likely due to confusion as a result of the trial court's order.  Due to the possibility that Sutton was stripped of the benefit of presenting evidence of good cause as a result of any confusion, we believe an evidentiary hearing is required.

We conditionally grant Levetz' petition for writ of mandamus and order the trial court to vacate its prior retention order.  Pursuant to request, we order the trial court to hold an evidentiary hearing on the issue of good cause in a manner consistent with this opinion.

Josh R. Morriss, III
Chief Justice

Date Submitted:     October 23, 2019
Date Decided:       October 24, 2019

13